### 34792. WOOD v. GWINNETT COUNTY et al.

Hall, Justice.

This appeal presents the single issue whether Gwinnett County under its home rule power has authority to amend a local Act of the legislature creating the Gwinnett County Public Facilities Authority. We rule that it does not.

The Gwinnett County Public Facilities Authority Act was effectuated in 1975 (Ga. L. 1975, p. 4463 et seq.) and the Authority was authorized to build or acquire fire stations and finance them from a special fire protection levy in the Gwinnett County Fire District. On November 28, 1978 the Gwinnett County Board of Commissioners adopted a resolution purporting to amend the Act to add numerous other types of buildings and facilities, and to authorize the use of other funds for certain structures.

Appellant Wood filed suit seeking a declaratory judgment and injunction against any action pursuant to the alleged amendment. He argued that the county commissioners had exceeded their authority. The trial court upheld the commissioners' actions under the Constitution (Code § 2-5901 (b), (Ga. L. 1965, p. 752)) ruling that the cited section allowed the county as part of its home rule power to amend local Acts by following certain procedures, and that the mechanics of amendment had been correctly followed and it was stipulated that the

Act was a local Act.

This is Wood's appeal. At our invitation, the Attorney General of Georgia has filed a helpful brief amicus curiae.

Wood urges on appeal that the trial court's action failed to recognize the distinction between types of local Acts. Specifically, under Code § 2-5901 (b), with certain exceptions the county is empowered to "amend or repeal the local acts *applicable to its governing authority*" only, and not other local Acts. (Emphasis supplied.) The governing authority, of course, is the county commission. He further argues that a careful reading of subsection (c) (Code § 2-5901 (c)) shows that it presupposes that there are some local Acts which are amendable pursuant to previous sections and some which shall not be.

We agree with Wood's argument that the commission was without power to amend the Authority Act. Counties are creatures whose limited powers must be strictly construed. *City Council of Augusta v. Mangelly,* 243 Ga. 358 (254 SE2d 315) (1979); *DeKalb County v. Brown Builders Co.,* 227 Ga. 777 (183 SE2d 367) (1971); *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854 (165 SE2d 293) (1968); *Tippins v. Cobb County Parking Authority,* 213 Ga. 685 (100 SE2d 893) (1957); *Beazley v. DeKalb County,* 210 Ga. 41 (77 SE2d 740) (1953). The Authority is not a mere creature or arm of the county governing authority. See generally Hester, Industrial Development Bond Financing Under the Georgia Development Authorities Law, 14 Ga. SBJ 10 (1977); Sentell, Home Rule, 8 Ga. SBJ 277 (1972); 3 EGL 3, Authority Financing, § 2 (1975).

Section 2 of the Act creates an Authority that is a separate "political subdivision of the State of Georgia and a public corporation" and not an arm of the county which could be controlled by the commissioners. Study of the Act's provisions shows that the Authority shall be separate from the county governing authority in membership, powers, and duties, and that the revenue bonds of the Authority shall bear a notation that they are not a debt of Gwinnett County nor has the county any obligation whatever for them.

It follows that the Authority is not an extension of the

county, and the Act creating the Authority is not a "local act . . . applicable to its [the county's] governing authority . . ." which may be amended by the county commissioners under Code § 2-5901 (b). The trial court erred in upholding the attempted amendment and dismissing Wood's petition.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 13, 1979 — DECIDED JUNE 20, 1979.

*Gary L. Davis,* for appellant.
*Arthur K. Bolton, Attorney General, Gerald W. Boling, Assistant Attorney General,* amicus curiae.
*James A. Henderson,* for appellees.