### 44817. CRYMES et al. v. DeKALB COUNTY et al.
(364 SE2d 852)

HUNT, Justice.

Crymes and Crymes Enterprises, Inc. sought mandamus against DeKalb County and the DeKalb County Board of Commissioners to grant approval of the operation of a landfill on property Crymes owns in DeKalb County. The trial court denied Crymes' petition. Crymes appeals, contending the trial court, in its review of the Board's decision disapproving the landfill, erred by applying the "gross abuse of discretion" standard rather than the "clear legal right" standard entitling him to approval. We reverse.

Crymes' property is zoned for single-family residential use which, under DeKalb County's Zoning Ordinance, permits landfills. Under the zoning ordinance, the County Development Director issues permits for landfills. An applicant must meet a number of requirements to receive the necessary permits, one of which is obtaining approval for the landfill from the County Board of Commissioners. The trial court held that language in the ordinance — "[t]hese facilities shall be approved or disapproved by the board of commissioners after public hearing" — gives a valid, absolute discretion to the Board to approve or disapprove a proposal for the operation of a landfill and that the Board, in disapproving the operation of the landfill, did not abuse its discretion. The trial court further found that Crymes had not met certain of the remaining requirements which must be met prior to the issuance of a permit for the landfill.

The ordinance's provision for the Board's discretionary approval or disapproval of the landfill is invalid. While there are a number of requirements that must be met prior to the issuance of a *permit* for the landfill by the County Development Director, the Board is not charged with considering those requirements. Rather, as noted above, Board approval of the landfill is merely one of the prerequisites to the grant of a permit by the County Development Director. Under the zoning ordinance, the only function of the Board is to approve or dis-

approve in its absolute discretion, the operation of a landfill after hearing from all parties concerned and after receiving certification from a registered engineer that the proposed landfill site meets state standards. The minutes of the Board's meeting where the decision to disapprove the landfill was made reflects that that decision was not based on any objective criteria, but, rather, was based on opposition that has been expressed by neighboring property owners.

In upholding the Board's action disapproving the landfill, the trial court cited *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986). However, that case does not apply here.[1] The Dougherty County ordinance listed, besides various objective requirements for a special permit, nine additional criteria for the Dougherty County Commission to consider when exercising its discretion for granting or denying an application for a permit. The DeKalb County Ordinance sets forth no criteria by which the Board might exercise its discretion in approving or disapproving the landfill. The Board's refusal to approve the landfill constitutes an act of discretion without any articulable, objective ground of support, under our holdings in *Fulton County v. Bartenfeld*, 257 Ga. 766 (___ SE2d ___) (1988) and *Arras v. Herrin*, 255 Ga. 11 (334 SE2d 677) (1985). Because the two preconditions to the Board's decision to approve or disapprove the landfill were met — receipt of the registered engineer's letter and the holding of a public hearing — Crymes was entitled as a matter of right to the Board's approval of his landfill.

We note the trial court found that Crymes had not met certain of the remaining requirements for the issuance of a permit.[2] However, as we have already stated, those additional requirements are to be considered by the County Development Officer, not by the Board, and there was no need for Crymes to make a showing that those requirements had been met until after he obtained Board approval. Indeed, it is clear from a review of the record, that all parties acted under the assumption, and the county attorney conceded as much at the hearing before the trial court, that, with the exception of the letter from a registered engineer, and the public hearing prior to the Board's approval, Crymes was not required to meet the remaining criteria for the landfill permit until after county approval had been obtained.

Because he had a clear legal right to the Board's approval of his landfill, the trial court erred by denying Crymes' petition for manda-

---

[1] Under the zoning ordinance considered in *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986), the county commission was authorized to grant or deny the special permit at issue in that case. Here, the Board has no such authority but merely approves or disapproves the proposed operations before the applicant seeks the appropriate permits from the County Development Director.

[2] The trial court found, inter alia, that Crymes had not shown that he had obtained approval from the traffic engineer for truck traffic routes and entrances to the facility.

mus. Accordingly, the case is reversed and remanded with direction that the trial court grant the petition for mandamus requiring the Board's approval of the landfill. We emphasize this decision in no way addresses the question whether Crymes is entitled to the appropriate permits for the construction and operation of the landfill, which decision must be made by the County Development Director.

*Judgment reversed and remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 12, 1988 —
RECONSIDERATION DENIED MARCH 2, 1988.

*Schreeder, Wheeler & Flint, David Flint, Lynn C. Stewart,* for appellants.

*Johnson & Montgomery, Albert Sidney Johnson, Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., John L. Schaub,* for appellees.