S89A0132. CRYMES ENTERPRISES, INC. et al. v. MALOOF et al.
(389 SE2d 229)

HUNT, Justice.

This appeal arises from a case that was the subject of an earlier appeal to this Court, *Crymes v. DeKalb County*, 258 Ga. 30 (364 SE2d 852) (1988). Before the earlier appeal, Marion Crymes and Crymes Enterprises, Inc. (the appellants in both appeals) had sought mandamus to compel the DeKalb County Board of Commissioners to grant approval to operate a landfill on property in DeKalb County that Crymes owns. The trial court denied the petition, but on appeal we reversed, holding that "Crymes was entitled as a matter of right to the Board's approval of his landfill." Id. at 31. We remanded the case with direction that the trial court grant the mandamus to require the Board of Commissioners' approval, which was a mere formality under the ordinance. We emphasized, however, that our decision did not address whether, once the Board of Commissioners approved the landfill, "Crymes is entitled to the appropriate permits for the construction and operation of the landfill, which decision must be made by

the County Development Director." Id. at 32.

On remand, after the trial court granted mandamus and the Board of Commissioners approved the landfill, Crymes attempted to meet the remaining requirements for the landfill permit, but the County Development Director disapproved the application. The County Board of Appeals affirmed the Development Director's denial of the permit application and Crymes' subsequent appeal to the Board of Commissioners was denied. Crymes then petitioned for mandamus, which the trial court denied. Crymes appeals the trial court's denial of mandamus, contending, inter alia, the county officials exceeded their authority under the zoning ordinance. We affirm.

The DeKalb County zoning ordinance in question lists certain requirements for a landfill, including "[t]ruck traffic routes and entrances to this facility must be reviewed and approved by the director of public works." Art. E, § 11-2251 (H) (9) (a) (2). The County Development Director (who is the Associate Director of Public Works, Development) denied Crymes' application for a permit based on his decision that traffic routes and entrances to the proposed facility were inadequate. This decision was based on the opinion of the Director of Roads and Drainage (who is also an Associate Director of Public Works) who reached his conclusion after examining the adequacy of intersections, road widths and pavement conditions, and determining that without minimum improvement, which he specified, the "existing roadway will rapidly deteriorate and require substantial expenditure of public funds to maintain the roadway in its present inadequate state."

We disagree with Crymes' contention that the determination that general road improvements were necessary for adequate traffic routes and entrances for the proposed landfill improperly added a condition not specified in the ordinance. Rather, as noted by the trial court, an examination of the general road conditions is a necessary and proper consideration in determining the adequacy of truck traffic routes and entrances. Crymes has not demonstrated that the County Development Director's decision was not based on objective criteria as required by the ordinance. See *Tempo Management, Inc. v. DeKalb County*, 258 Ga. 713, 714 (2) (373 SE2d 622) (1988). We find no merit to the remaining enumerations of error.

*Judgment affirmed. All the Justices concur, except Smith, P. J. and Bell, J., who dissent.*

DECIDED MARCH 8, 1990 —
RECONSIDERATION DENIED MARCH 28, 1990.

*Schreeder, Wheeler & Flint, David H. Flint, Susan H. Sarch,* for appellants.

*Albert Sidney Johnson*, for appellees.