Marion C. CRYMES, and Crymes Enterprises, Inc., Plaintiffs–Appellees,

v.

DEKALB COUNTY, GEORGIA; Manuel J. Maloof, Individually and as Chief Executive Officer of DeKalb County, Georgia; Jack L. Smith, Individually and as Associate Director of Public Works—Development Department, DeKalb County, Georgia; and Richard P. Daniel, Individually and Associate Director of Public Works, Roads and Drainage, DeKalb County, Georgia; James Pierce, Individually and as the Development Director, DeKalb County, Georgia; Jean E. Williams, Sherry Sutton, Nathaniel Mosby, Robert J. Morris, John S. Fletcher, Jr., Brince H. Manning, III and Robert E. Lanier, Individually and as Members of the Board of Commissioners of DeKalb County, Georgia, Defendants–Appellants,

Annie Collins, Defendant.

No. 89–8961.

United States Court of Appeals, Eleventh Circuit.

Feb. 19, 1991.

Albert Sidney Johnson, DeKalb County Atty., Decatur, Ga., Susan Cole Mullis, Johnson & Montgomery, Atlanta, Ga., for defendants-appellants.

David H. Flint, Susan Holly Sarch, Schreeder Wheeler & Flint, Atlanta, Ga., for plaintiffs-appellees.

Before KRAVITCH and ANDERSON, Circuit Judges, and LYNNE *, Senior District Judge.

PER CURIAM:

The procedural posture of the instant case, an interlocutory appeal from a partial denial of appellants' motion to dismiss the complaint, requires that we accept the facts as stated in plaintiffs-appellees' complaint, as amended. *Parr v. Woodmen of the World Life Ins. Co.,* 791 F.2d 888 (11th Cir.1986). Accordingly, the facts are as follows:

Plaintiff–Appellees Marion C. Crymes, et al. ("Crymes") are owners of a tract of land in DeKalb County, Georgia. Crymes wished to operate a nonputrescible solid waste landfill on this property. Although the property was adequately zoned for such a use, it was also necessary for Crymes to obtain a development permit and approval from the county's Board of Commissioners. Crymes' February 23, 1987 application to the Board was denied on March 24, 1987. A subsequent action in the state courts for mandamus to compel issuance of the permit was ultimately successful in the Supreme Court of Georgia. *See Crymes v. DeKalb County,* 258 Ga. 30, 364 S.E.2d 852 (1988), *appeal after remand, Crymes Enterprises, Inc. v. Maloof,* 260 Ga. 26, 389 S.E.2d 229 (1990). Pursuant to the mandamus, the Board approved Crymes' application to operate the property as a landfill site.

Before actually beginning operation of the landfill, however, Crymes was required,

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

pursuant to DeKalb County, Ga., Zoning Ordinances Art. E, § 11–2251(H)(9)(a)(2), to submit the application already approved by the Board of Commissioners to the county Development Department for approval of truck traffic routes and entrances. Defendant–Appellant Smith, the Associate Director of Public Works—Development, withheld approval on the ground that the roads surrounding the proposed landfill required widening and repaving, and that to facilitate such improvements, Crymes had to donate portions of its property to public use without compensation.[1]

Crymes then appealed the Development Department's decision to the DeKalb County Board of Appeals. The appeals board met on October 12, 1988, but decided to defer a decision until November 9, 1988. On November 8, 1988, the Board of Commissioners amended the DeKalb County Code to remove a portion of Pleasant Hill Road, a road adjacent to the Crymes property, from its designation as a truck route. On November 9, 1988, the Board of Appeals upheld the decision of the Development Department denying Crymes' application. The Board of Commissioners affirmed the appeals board on December 13, 1988, but expressly stated that its earlier decision to remove Pleasant Hill Road as a truck route did not apply to Crymes.

Crymes filed the instant action under 42 U.S.C. § 1983, alleging violations of the Just Compensation Clause of the Fifth Amendment as applied to the states by the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. This case is an appeal from the district court's partial denial of defendant-appellant Dekalb County's (and several county zoning commissioners' and development department employees') motion to dismiss the complaint. Appellants moved to dismiss on the grounds that the individual commission-

ers were entitled to absolute legislative immunity, that punitive damages were not recoverable against any of the defendant-appellants, and that Crymes' claims under the Just Compensation Clause and the Due Process Clause were not ripe for review, thus depriving the district court of subject matter jurisdiction.[2] The district court granted the motion to dismiss with regard to the just compensation claim[3] and the punitive damages claim against Dekalb County, but denied the motion to dismiss in all other respects. Appellants assert in this appeal that the district court should have granted their motion to dismiss in full. Crymes filed a motion to dismiss part of the appeal in this court contending that all issues other than the absolute immunity issue are nonfinal and nonappealable. This motion has been carried with the case.

## APPELLATE JURISDICTION OVER THE DISTRICT COURT'S DENIAL OF THE MOTION TO DISMISS

■ It is clear that the district court's refusal to dismiss the complaint on absolute immunity grounds is an immediately appealable "collateral order" within the exception to 28 U.S.C. § 1291 enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Marx v. Gumbinner*, 855 F.2d 783 (11th Cir.1988).

■ It is also clear that the district court's denial of appellants' motion to dismiss the complaint on ripeness grounds and to dismiss the punitive damages claim in full is not in itself an immediately appealable order. *See Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin*, 829 F.2d 601, 602 (7th Cir.1987) ("A refusal to dismiss a complaint or part

---

**1.** In the district court, Crymes contended that § 11–2251(H)(9)(a)(2) does not allow denial of an application on such grounds. *See* Amended Complaint, R1–25, at 5. Crymes unsuccessfully made the same contention in the state courts. *See Crymes Enterprises, Inc. v. Maloof*, 260 Ga. 26, 389 S.E.2d 229 (1990).

**2.** Although several of the individual defendants who were not commissioners asserted the quali-

fied immunity defense in their answer, qualified immunity was not asserted in the motion to dismiss and therefore is not at issue in this appeal.

**3.** Crymes does not contest the district court's conclusion that the claim under the Just Compensation Clause was not ripe. It is the ripeness of Crymes' claims under the Due Process Clause that is disputed by the parties.

thereof is the classic example of a nonfinal order that is *not* appealable under 28 U.S.C. § 1291....") (emphasis in original). With respect to these nonfinal issues, the question is whether this court should exercise pendant jurisdiction. Appellee Crymes has moved to dismiss this portion of the appeal. However, in its brief, appellee requests that, because the motion has been carried with the case, "[j]udicial economy would be served by a final decision concerning the district court's jurisdiction." Brief of Appellee at 11.

■ Notwithstanding the parties' agreement that we should exercise pendant jurisdiction and entertain the ripeness issue on the merits, whether pendant jurisdiction is appropriate with regard to that issue and the punitive damages issue is within this court's discretion. *See Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1508–09 (11th Cir.1990); *Broughton v. Courtney*, 861 F.2d 639 (11th Cir.1988); *Western Electric Co. v. Milgo Electronic Corp.*, 568 F.2d 1203, 1208 (5th Cir.1978). We decline to exercise our discretion to reach these nonfinal issues.[4]

## WHETHER THE DISTRICT COURT ERRED BY REFUSING TO DISMISS THE COMPLAINT ON ABSOLUTE LEGISLATIVE IMMUNITY GROUNDS

■ Appellants argue that the district court should have dismissed Crymes' lawsuit against the defendants who are members of the Board of Commissioners on absolute legislative immunity grounds. Appellants contend that the Commissioners' actions must have been legislative in nature because all of the challenged actions involved defendants' votes at official meetings. Crymes argues that the Commissioners are not entitled to absolute immunity because they were acting in an administrative or executive, rather than a legislative, capacity.

It is clear that if the Commissioners were performing a legislative function in voting to deny Crymes a development permit, they would be entitled to absolute immunity from suit. *See Dombrowski v. Eastland*, 387 U.S. 82, 83, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967); *Hernandez v. City of Lafayette*, 643 F.2d 1188 (5th Cir. Unit A May 1, 1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982). However, " 'it is the official *function* that determines the degree of immunity required, not the *status* of the acting officer.' " *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir.1982) (quoting *Marrero v. City of Hialeah*, 625 F.2d 499, 508 (5th Cir.1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981)) (emphasis in original). Furthermore, it has been held that "[a]lthough a local legislator may vote on an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity." *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 580 (9th Cir.1984), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985).

■ A legislative act involves policy-making rather than mere administrative application of existing policies. *Minton v. St. Bernard Parish School Bd.*, 803 F.2d 129, 135 (5th Cir.1986) (citing *Hornsby v. Allen*, 326 F.2d 605, 608–09 (5th Cir.1964)). Acts of zoning enforcement rather than rule-making are not legislative. *Front Royal & Warren County Industrial Park Corp. v. Front Royal*, 865 F.2d 77, 79 (4th Cir.1989). If the facts utilized in making a decision are specific, rather than general, in nature, then the decision is more likely administrative. Moreover, if the decision impacts specific individuals, rather than the general population, it is more apt to be administrative in nature. *See Cutting v. Muzzey*, 724 F.2d 259, 261 (1st Cir.1984). *See generally Developments in the Law–Zoning*, 91 Harv.L.Rev. 1427, 1510–11 (1978).

Based on the above factors, the vote of the Board of Commissioners to remove Pleasant Hill Road from the list of truck routes was probably legislative in nature. That action, however, did not apply to Crymes. Rather, Crymes' complaint focus-

---

**4.** The circumstances of this case do not warrant delineation of the scope of our discretion to exercise jurisdiction over issues pendant to an interlocutory appeal from a denial of absolute immunity.

es on the Board's decision to uphold the denial of the development permit for Crymes' property on the ground that surrounding roads were in need of improvement. The decision to deny Crymes' application is the application of policy to a specific party. *See Bateson v. Geisse,* 857 F.2d 1300, 1304 (9th Cir.1988) (no absolute immunity for city council members' decision to deny building permit). Therefore, we agree with the district court that the complaint stated sufficient facts to withstand a motion to dismiss on absolute immunity grounds.[5]

The judgment of the district court on the absolute immunity issue is

AFFIRMED.[6]

---

5. Although the members of the Board of Commissioners may be entitled to qualified immunity even if their absolute immunity defense fails, this point is not argued on appeal.

6. We express no view with regard to the district court's resolution of issues other than appellees' absolute immunity claim.