**MULLIS TREE SERVICE, et al., Plaintiffs,**

v.

**BIBB COUNTY, et al., Defendants.**

**No. C.A. 91–401–3–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

Aug. 9, 1993.

William E. Hicks, Dublin, GA, Linwood Robert Lovett, J. Douglas Cowart, Macon, GA, for plaintiff.

Virgil Louis Adams, Macon, GA, Charles A. Mathis, Jr., Donald James Jordan, Milledgeville, GA, for defendants.

### ORDER

OWENS, Chief Judge.

Before the court is plaintiffs' motion for reconsideration of two holdings in the court's order of May 19, 1993. *Mullis Tree Service, Inc. v. Bibb County,* 822 F.Supp. 738 (M.D.Ga.1993). Plaintiffs ask the court to reconsider its grant of defendants' motion for summary judgment on the issues of procedural due process and legislative immunity.

1. Procedural Due Process

■ Plaintiffs contend that the court erred in granting defendants' motion for summary judgment on plaintiffs' procedural due process claims. Plaintiffs first claim that the procedures delineated in Art. IX, Sec. II, Para. 1(b)(1) of the Georgia Constitution for the amendment or repeal of a local act apply to the adoption of the putrescible waste ordinance. However, the ordinance is not a "local act" as contemplated in Article IX. *See Wood v. Gwinnett County,* 243 Ga. 833, 257 S.E.2d 258 (1979). Therefore, plaintiffs' argument on this ground has no merit.

■ Plaintiffs also contend that the closed meeting held by the Board of Commissioners on November 21, 1991, violated the Georgia Open Meetings Law under O.C.G.A. § 50–14–1(b). However, the purpose of this closed meeting was for defendants to discuss the possible legal ramifications of the ordinances with counsel, and meetings which are otherwise required to be open to the public "may be closed in order to consult and meet with legal counsel pertaining to ... potential litigation...." O.C.G.A. § 50–14–2. Thus, plaintiffs' argument on this ground has no merit.

As the court found in its previous order, no procedural due process violation occurred during the adoption of the putrescible waste ordinance. Defendants complied with all procedural requirements, and plaintiffs had sufficient notice and opportunity to be heard. Accordingly, plaintiffs' motion to reconsider the court's grant of summary judgment on their procedural due process claims is DENIED.

2. Legislative Immunity

■ Plaintiffs also contend that the court erred in granting defendants' motion for summary judgment on the issue of legislative immunity. They claim that defendants were not performing a legislative function when they adopted the half-mile buffer require-

ment in the putrescible waste ordinance. They base this claim on two grounds.

First, they contend that defendants were not performing a legislative function because the half-mile buffer requirement was adopted solely to impact plaintiffs' solid waste handling facility. However, the requirement applies to any facility that engages in putrescible waste disposal in Bibb County. Hence, it impacts the general population rather than an individual and is legislative in nature. *Crymes v. DeKalb County,* 923 F.2d 1482 (11th Cir.1991).

The fact that plaintiffs were the only entities affected by the requirement at the time of its adoption has no bearing on legislative immunity, for "an unworthy purpose does not preclude absolute immunity to legislators acting in their legislative capacity." *Brown v. Crawford County,* 960 F.2d 1002, 1012 (11th Cir.1992).

Plaintiffs also contend that defendants are not entitled to legislative immunity because the adoption of the half-mile requirement was an *ultra vires* act, as found by the court in its order of May 19, 1993. The court finds no merit in this argument.

The Commissioners were voting on the adoption of an ordinance that regulated the disposal of putrescible waste in Bibb County. Voting on the adoption of an ordinance is a legislative function. *Brown,* 960 F.2d at 1011. The fact that this legislation later turned out to be invalid has no effect on defendants' entitlement to legislative immunity.

Accordingly, plaintiffs' motion for reconsideration is DENIED.

**SO ORDERED.**