29 F.3d 132
 George Larkin ROBERSON, Plaintiff-Appellee,
v.
Edgar MULLINS, individually and as a member of the Wise
County Board of Supervisors; Sam Church, individually and
as a member of the Wise County Board of Supervisors; Claude
Collins, individually and as a member of the Wise County
Board of Supervisors; Jack Kiser, individually and as a
member of the Wise County Board of Supervisors; Julius Fred
Tate, individually and as a member of the Wise County Board
of Supervisors; Donnie Dowell, individually and as a member
of the Wise County Board of Supervisors; Wise County Board
of Supervisors, Defendants-Appellants.
 No. 93-1618.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 27, 1993.
Decided July 8, 1994.
 
 ARGUED: James Parker Jones, Penn, Stuart, Eskridge & Jones, Bristol, VA; Susan Debra Oglebay, Legal Dept., United Mine Workers of America, Castlewood, VA, for appellants. William Henry Hurd, Richmond, VA, for appellee. ON BRIEF: John Mack Farmer, Wolfe & Farmer, Norton, VA, for appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Affirmed in part and dismissed in part by published opinion. Judge DONALD RUSSELL wrote the opinion, in which Judge WILLIAMS and Senior District Judge CLARKE joined.
 OPINION
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 Defendants, the Board of Supervisors for Wise County, Virginia (the County Board) and some of its members, appeal the district court's denial of their motions to dismiss plaintiff George Roberson's section 1983 action against them on the grounds that it is barred by absolute legislative immunity and, even if not barred, cannot succeed on the merits. We find that the district court correctly denied defendants' absolute immunity motion and, further, that we are without jurisdiction to review its denial of defendants' motion to dismiss on the merits. We therefore affirm in part and dismiss in part.
 
 I.
 
 2
 The eight-member County Board is the governing body of Wise County. At a meeting of the Board in July, 1992, it was moved and seconded that plaintiff George Roberson be removed from his position as the Public Works Superintendent for Wise County. The Board then went into executive session and voted, with six members in favor and two opposed, to remove Roberson from his position.
 
 
 3
 Roberson, a Republican, brought this section 1983 action against the Board and the six County Board members who voted to terminate him, all Democrats, alleging that their votes were motivated by his political party affiliation in violation of the First and Fourteenth Amendments. See Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).
 
 
 4
 All defendants, the Board members as well as the Board itself, moved to dismiss Roberson's claim as barred by absolute legislative immunity. They also filed a second dismissal motion asserting that even if they were not entitled to legislative immunity, they were permitted to terminate Roberson for his political party affiliation because party affiliation was an appropriate requirement for effective performance of the duties of his office. See Branti, 445 U.S. at 518, 100 S.Ct. at 1294.
 
 
 5
 The district court rejected both arguments and denied defendants' motions to dismiss; they took this immediate appeal.
 
 II.
 
 6
 We must first address whether the district court correctly determined that the six members of the County Board who voted in favor of Roberson's termination were not entitled to absolute legislative immunity from his section 1983 claim.[1] We conclude that the district court was correct in this determination.
 
 
 7
 Members of local governmental bodies are entitled to absolute legislative immunity from claims against them arising out of their actions in a "legislative capacity." Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, 865 F.2d 77, 79 (4th Cir.1989); Bruce v. Riddle, 631 F.2d 272, 279 (4th Cir.1980).[2] Their actions are in a "legislative capacity" if they are an "integral part," Gravel v. United States, 408 U.S. 606, 625, 92 S.Ct. 2614, 2627, 33 L.Ed.2d 583 (1972); Eastland v. United States Servicemen's Fund, 421 U.S. 491, 504, 95 S.Ct. 1813, 1821, 44 L.Ed.2d 324 (1975), of legislative actions undertaken by the local governmental body. Scott v. Greenville County, 716 F.2d 1409, 1423 (4th Cir.1983) (indicating that county council members acted in their legislative capacity if the action taken by the council in which they participated was legislative).[3]
 
 
 8
 Not all actions undertaken by local governmental bodies that have legislative responsibilities are necessarily "legislative." E.g., Scott, 716 F.2d at 1423 (holding that county council's action in delaying consideration of zoning permit was not legislative); Trevino v. Gates, 17 F.3d 1189, 1191 (9th Cir.1994) ("[N]ot all governmental acts by ... a local legislature ... are necessarily legislative in nature.") (quotation omitted); Brown v. Griesenauer, 970 F.2d 431, 437 (8th Cir.1992) (using same quotation); see also Forrester v. White, 484 U.S. 219, 224, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988) (stating that the characterization of an action undertaken by an official or a governmental body is not determined by the title of the official or body); Harlow v. Fitzgerald, 457 U.S. 800, 810-11, 102 S.Ct. 2727, 2734-35, 73 L.Ed.2d 396 (1982) (same); Butz v. Economou, 438 U.S. 478, 511, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978) (same). Rather, a local governmental body only acts in a legislative capacity when it engages in the process of "adopt[ing] prospective, legislative-type rules." Front Royal, 865 F.2d at 79 (quotation omitted); Scott, 716 F.2d at 1423.[4]
 
 
 9
 Every other court of appeals that has attempted to define when a local governmental body acts in a legislative capacity has set forth the same, or a very similar, standard. Brown, 970 F.2d at 437 (8th Circuit); Acevedo-Cordero v. Cordero-Santiago, 958 F.2d 20, 23 (1st Cir.1992); Hughes v. Tarrant County, 948 F.2d 918, 921 (5th Cir.1991); Crymes v. DeKalb County, 923 F.2d 1482, 1485 (11th Cir.1991); Ryan v. Burlington County, 889 F.2d 1286, 1290-91 (3d Cir.1989); Haskell v. Washington Township, 864 F.2d 1266, 1278 (6th Cir.1988); Cinevision Corp. v. City of Burbank, 745 F.2d 560, 580 (9th Cir.1984), cert. denied, 471 U.S. 1054, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985); see also Developments in the Law--Zoning, 91 Harv. L.Rev. 1427, 1510-12 (1978) (discussing the standard that was subsequently adopted by the First and Fifth Circuits).
 
 
 10
 Here, the County Board terminated Roberson as the Public Works Superintendent for Wise County. Terminating a county employee is plainly unrelated to the process of "adopt[ing] prospective, legislative-type rules." Front Royal, 865 F.2d at 79; Scott, 716 F.2d at 1423. We conclude, therefore, that the Board's termination of Roberson was not a legislative action; as a result, the County Board members did not act in their legislative capacity when they participated in it. Thus, we hold that the district court did not err in determining that the Board members are not absolutely immune from Roberson's section 1983 claim arising out of the termination.
 
 III.
 
 11
 Still before us is the contention that the County Board itself is entitled to absolute legislative immunity from Roberson's claim. This contention will not long detain us. If a local governmental body itself, or, equivalently, the municipality for which it is the governing body, is ever entitled to absolute legislative immunity,[5] it is only when the body engages in "legislative" actions. Baker, 894 F.2d at 682. As we established in Part II supra, the County Board's termination of Roberson was not a legislative action; the Board, therefore, is not absolutely immune from Roberson's section 1983 claim arising out of this termination.IV.
 
 
 12
 Defendants also ask that we review the district court's denial of their second motion to dismiss, which sought dismissal on the ground that they were permitted to terminate Roberson for his political party affiliation because party affiliation was an appropriate requirement for performance of the duties of his office. See Branti, 445 U.S. at 518, 100 S.Ct. at 1294. The district court's ruling denying this motion to dismiss is obviously not a final decision that concludes the litigation. See 28 U.S.C. Sec. 1291. And, unlike the district court's ruling denying defendant's motion to dismiss on the ground of absolute immunity, this ruling, denying a motion that seeks dismissal on the ground that Roberson's claim cannot succeed on the merits, is not a collateral order reviewable under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Spiess v. C. Itoh & Co. (America), Inc., 725 F.2d 970, 974 (5th Cir.), cert. denied, 469 U.S. 829, 105 S.Ct. 115, 83 L.Ed.2d 58 (1984). We are without jurisdiction to review this ruling unless it falls within our pendent appellate jurisdiction.
 
 
 13
 When we properly have jurisdiction over an interlocutory ruling by the district court, pendent appellate jurisdiction permits us to consider another district court ruling in the same case that is not independently appealable if the issues involved in the two rulings "substantially overlap and review will advance the litigation or avoid further appeals." Akers v. Caperton, 998 F.2d 220, 223 (4th Cir.1993) (quotation omitted); O'Bar v. Pinion, 953 F.2d 74, 80 (4th Cir.1991).[6]
 
 
 14
 The interlocutory ruling which we have jurisdiction to review, the district court's denial of defendants' absolute legislative immunity motion, required us to address whether termination of a county employee was a legislative action. Reviewing defendants' motion to dismiss on the merits, in contrast, would require us to consider whether the duties of Roberson's position were such that political party affiliation was an appropriate requirement for the position. The issues involved in these two rulings do not at all overlap; under Akers and O'Bar, therefore, we are without pendent appellate jurisdiction to review the district court's denial of defendants' motion to dismiss on the merits.
 
 V.
 
 15
 For the reasons stated, we affirm the district court's ruling denying defendants' motion for absolute legislative immunity, and we dismiss defendants' appeal of the district court's ruling denying defendants' motion to dismiss on the merits because we are without jurisdiction to consider it.
 
 
 16
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 We have jurisdiction to review immediately the district court's rejection of the individual Board members' absolute immunity defense, as well as its rejection of the Board's absolute immunity defense, see Part III infra, under the collateral order doctrine articulated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Nixon v. Fitzgerald, 457 U.S. 731, 742, 102 S.Ct. 2690, 2696, 73 L.Ed.2d 349 (1982)
 
 
 [2]
 Local officials who are not members of local governmental bodies may also be entitled to legislative immunity in certain circumstances, see Hernandez v. City of Lafayette, 643 F.2d 1188, 1193-94 (5th Cir.1981) (finding that mayor performed legislative action by vetoing ordinance), cert. denied, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); the case at bar, however, involves only members of local governmental bodies
 
 
 [3]
 A member of a local governmental body does not necessarily act in a legislative capacity when his participation in the action of the body takes the form of a vote; the action of the body must itself be legislative to make the member's act of voting legislative. In Scott v. Greenville County, 716 F.2d 1409 (4th Cir.1983), for example, we held that members of a committee of a city council had not acted in their legislative capacity when the committee, presumably after a vote, issued an order directing the county planning commission to delay consideration of a building permit because the committee's delay of the permit was an executive, not a legislative, act. Id. at 1423. See also Trevino v. Gates, 17 F.3d 1189, 1192 (9th Cir.1994) ("[A]lthough a local legislator may vote on an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity.") (quotation omitted); Brown v. Griesenauer, 970 F.2d 431, 437 (8th Cir.1992) (using same quotation)
 Of the courts of appeals, only the Eleventh Circuit has ever suggested that the vote of a member of a local governmental body is necessarily a legislative act, regardless of the matter on which the vote was taken. Hudgins v. City of Ashburn, 890 F.2d 396, 406 n. 20 (11th Cir.1989); Espanola Way Corp. v. Meyerson, 690 F.2d 827, 829-30 (11th Cir.1982). That court, however, appears to have overruled this suggestion in Crymes v. DeKalb County, 923 F.2d 1482 (11th Cir.1991), where it stated: "[A]lthough a local legislator may vote on an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity." Id. at 1485 (quotation omitted). But see Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1062 (11th Cir.1992) ("Acts such as voting ... are generally deemed legislative."). In any event, even if the suggestion is still good law in the Eleventh Circuit, we must reject it because it conflicts directly with our holding in Scott.
 
 
 [4]
 Several decisions addressing absolute legislative immunity in the context of Congress and state legislatures suggest that a legislature may act in a legislative capacity not only when it engages in the process of adopting prospective, legislative-type rules but also when it undertakes certain other activities that lie within the traditional legislative province. In Schlitz v. Virginia, 854 F.2d 43 (4th Cir.1988), this Court found that a state legislature had acted in its legislative capacity in declining to reelect a state judge because election of judges "involves a core legislative function." Id. at 46. See also Gravel, 408 U.S. at 625, 92 S.Ct. at 2627 (stating that a member of Congress acts in his legislative capacity if his action is "an integral part of the ... processes by which Members participate in ... the consideration and passage or rejection of proposed legislation or ... other matters which the Constitution places within the jurisdiction of either House ") (emphasis added)
 We find that the termination of a government employee in the case at bar was not an action that lies within the traditional legislative province. This finding is consistent with the Supreme Court's decision in Forrester, where the Court rejected a claim by a judge of absolute immunity from a suit arising out of his demotion and discharge of a probation officer, stating: "[W]e think it clear that [the judge] was acting in an administrative capacity when he demoted and discharged [the officer]." Forrester, 484 U.S. at 229, 108 S.Ct. at 545 (emphasis added). See also Harlow, 457 U.S. at 810-811, 102 S.Ct. at 2734 (recognizing that "legislative functions require absolute immunity" and refusing to allow such immunity from a suit that arose out of the discharge of an air force management analyst). Because the case at bar does not involve an action that lies within the traditional legislative province, we need not decide whether a local governmental body acts in a legislative capacity when it undertakes an action that is not prospective, legislative-type rulemaking but is within the traditional legislative province.
 
 
 [5]
 We need not, and do not, decide here whether a local governmental body, or the municipality for which it is the governing body, is ever entitled to absolute legislative immunity. See Baker v. Mayor of Baltimore, 894 F.2d 679, 682 (4th Cir. 1990) (holding that city council is entitled to absolute legislative immunity from claim under the Age Discrimination in Employment Act), cert. denied, 498 U.S. 815, 111 S.Ct. 56, 112 L.Ed.2d 31 (1990); Hollyday v. Rainey, 964 F.2d 1441, 1443 (4th Cir.) (Hall, J., concurring) (finding that municipality is entitled to absolute legislative immunity from section 1983 claim), cert. denied, --- U.S. ----, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992); but see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, --- U.S. ----, ----, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993) ("[ Monell v. New York Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980),] make it quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit--either absolute or qualified--under Sec. 1983."); Hollyday, 964 F.2d at 1444-45 (Luttig, J., concurring) (stating that giving municipality absolute legislative immunity from section 1983 claim would be, "at the very least, in substantial tension with, if not foreclosed by," Owen ); Hollyday, 964 F.2d at 1448 (Butzner, J. dissenting) (indicating that Owen and other opinions of the Supreme Court make "clear" that municipality is not entitled to absolute immunity from section 1983 claim)
 
 
 [6]
 It should be noted that the Supreme Court has held, in two criminal cases, that courts of appeals do not have pendent appellate jurisdiction. United States v. MacDonald, 435 U.S. 850, 857 n. 6, 98 S.Ct. 1547, 1551 n. 6, 56 L.Ed.2d 18 (1978); Abney v. United States, 431 U.S. 651, 662-63, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977). As stated in MacDonald: "[A] federal court of appeals is without pendent jurisdiction over otherwise nonappealable claims even though they are joined with a ... claim over which the appellate court does have interlocutory appellate jurisdiction." MacDonald, 435 U.S. at 857 n. 6, 98 S.Ct. at 1551 n. 6. While MacDonald and Abney could possibly be reconciled with Akers and O'Bar by confining the former to the criminal context, the Supreme Court did not explicitly so confine them and, in one instance, this Court has applied their rule in a civil case, MacKethan v. Peat, Marwick, Mitchell & Co., 557 F.2d 395, 396 (4th Cir.1977) (citing Abney and stating that when a court of appeals reviews an appealable interlocutory order, it "should not ... consider[ ] other non-appealable assignments of error under the doctrine of pendent jurisdiction"); see also San Filippo v. United States Trust Co. of New York, 470 U.S. 1035, 1036, 105 S.Ct. 1408, 1409, 84 L.Ed.2d 797 (1985) (White, J.) (dissent from denial of certiorari ) (asserting that court of appeals' exercise in a civil case of pendant appellate jurisdiction was "clearly in tension with our rationale in Abney "); Gross v. Winter, 876 F.2d 165, 168 n. 3 (D.C.Cir.1989) (noting, in refusing to exercise pendent appellate jurisdiction in a civil case, that Abney refused to allow such jurisdiction). We need not attempt such a reconciliation here, however, because even under the standard set forth in Akers and O'Bar, we are without pendent appellate jurisdiction, see infra