USCA1 Opinion

 

 S e p t e m b e r 2 2 , 1 9 9 4 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ______________________ No. 93-2376 No. 94-1183 OLGA J. NEGRON-GAZTAMBIDE, Plaintiff, Appellant, v. ZAIDA HERNANDEZ-TORRES, ETC., ET AL., Defendants, Appellees. _______________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on September 15, 1994, is corrected as follows: On cover sheet: change "sitting my designation" to "sitting by designation." UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2376 No. 94-1183 OLGA J. NEGRON-GAZTAMBIDE, Plaintiff, Appellant, v. ZAIDA HERNANDEZ-TORRES, ETC., ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lagueux, District Judge.* ______________ ____________________ Carlos A. Del Valle Cruz, with whom Ricardo L. Torres Munoz, ________________________ _______________________ was on brief for appellant. Teresa Medina Monteserin, with whom Manuel D. Herrero __________________________ ___________________ Garcia, and Miguel A. Pagan-Rivera were on brief for appellees. ______ ______________________ ____________________ September 15, 1994 ____________________ ______________________ *Of the District of Rhode Island, sitting by designation. ____________________ *Of the District of Rhode Island, sitting my designation. CAMPBELL, Senior Circuit Judge. Olga Negron ______________________ Gaztambide ("Negron"), plaintiff-appellant, was employed by the Legislative Service Office of the Commonwealth of Puerto Rico as a librarian in the Legislative Library.1 In late January or early February 1993, Negron was discharged from her position. She learned of this action by way of a letter, dated January 29, 1993, signed by Nelida Jimenez Velazquez ("Jimenez"), Director of the Legislative Service Office.2 On June 22, 1993, Negron sued Jimenez in the United States District Court for the District of Puerto Rico. Also named as defendants were Zaida Hernandez Torres ("Hernandez"), President of the House of Representatives of the Commonwealth of Puerto Rico, and Roberto Rexach Benitez ("Rexach"), President of the Senate of the Commonwealth of Puerto Rico. Negron claimed that she had been dismissed (1) because of her political affiliation with Puerto Rico's ____________________ 1. The purpose of the Legislative Library is "to make all kinds of basic reference material available to the members of [Puerto Rico's] Legislative Assembly and to persons in the community who may be interested in gathering data on the legislative proceedings and other governmental activities." 1964 P.R. Laws Act No. 59 (Statement of Motives). 2. Pursuant to P.R. Laws Ann. tit. 2, 424 (1982): All officers and employees of the Legislative Library shall form part of the personnel of the Legislative Service Office and shall be appointed according to the procedure established for the appointment of said personnel. -3- Popular Democratic Party in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. 1983 (1988), (2) without a hearing in violation of the Due Process Clause of the Fifth and Fourteenth Amendments, and (3) in disregard of her handicapped condition in violation of the Americans with Disabilities Act, 42 U.S.C. 12101-12213 (Supp. IV 1992). On August 5, 1993, Hernandez and Jimenez moved to dismiss Negron's complaint for lack of jurisdiction. They argued that their decision to discharge Negron was a legislative act protected by the Legislative Immunity Doctrine.3 See U.S. Const. art. I, 6 (Speech or Debate ___ Clause); P.R. Const. art. III, 14. On October 14, 1993, Negron moved for an extension of time within which to oppose defendants' motion to dismiss. Her motion was denied. On October 18, 1993, the district court issued the following order: Before the Court is the defendants' unopposed motion to dismiss for lack of jurisdiction. After fully reading the same, the Court finds itself in accord with the legal arguments proffered by the defendants in support of their motion. WHEREFORE, for the reasons stated in defendants' motion, this case is hereby ____________________ 3. "The doctrine of absolute [legislative] immunity provides a complete bar to civil liability for damages, regardless of the culpability of the actor . . . ." Acevedo-Cordero v. _______________ Cordero-Santiago, 958 F.2d 20, 22 (1st Cir. 1992). ________________ -4- DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6).4 (footnote supplied). Judgment was entered on October 29, 1993. Thereafter, on November 2, 1993, Negron filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). This motion was supplemented by Negron on November 4, 1993, subsequently opposed by defendants, and ultimately denied by the district court on November 17, 1993. This appeal followed on November 29, 1993.5 We do not disturb the district court's dismissal of Negron's claims under the Due Process Clause and the Americans with Disabilities Act, but we reverse the dismissal of her 1983 claim. I. Although defendants ostensibly brought their motion to dismiss under Fed. R. Civ. P. 12(b)(1) ("lack of ____________________ 4. The district court observed that defendants' motion was unopposed. Pursuant to Local Rule 311.5 of the United States District Court for the District of Puerto Rico, "[i]f the respondent opposes a motion, [she] shall file a response within ten (10) days after service of the motion, including brief and such supporting documents as are then available. . . ." Failure to so respond renders a party susceptible to involuntary dismissal, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. See Local Rule 313.3 (D.P.R.). Here, ___ however, the district court dismissed for failure to state a claim, not failure to prosecute, and neither the court nor appellees suggest that Negron has waived her right to appeal from the dismissal by initially failing to oppose Hernandez and Jimenez's motion. 5. Negron filed a second notice of appeal on January 24, 1994, because her Rule 59(e) motion, while denied on November 17, 1993, was not actually entered in the docket until January 12, 1994. -5- jurisdiction over the subject matter"), the district court granted it pursuant to Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted"). For purposes of this appeal, however, we need not decide whether defendants' motion is more appropriately cast under one rule or the other. In either case, we review the district court's decision granting defendants' motion to dismiss de novo. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). _________ ____________ "We take the allegations of the complaint to be true, and we will not affirm the district court's dismissal unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of [her] claim which would entitle [her] to relief." Carney v. Resolution Trust Corp., 19 F.3d 950, ______ ______________________ 954 (5th Cir. 1994); e.g., Vartanian, 14 F.3d at 700. ____ _________ Negron's complaint contained the following relevant allegations. Negron began her employment with Puerto Rico's Legislative Library on July 14, 1967, as a Librarian Grade II. She worked continuously for the library until she learned of her dismissal by way of a letter, dated January 29, 1993, signed by Nelida Jimenez Velazquez, Director of the Legislative Service Office. During the period of her employment, Negron's job performance was exemplary. At the time of her discharge, she was a Librarian Grade V. On November 4, 1992 prior to Negron's dismissal Zaida Hernandez Torres and Roberto Rexach Benitez, members -6- of Puerto Rico's New Progressive Party, were elected to Puerto Rico's House of Representatives and Senate, respectively. On or about January 11, 1993, Hernandez was elected President of the House of Representatives and Rexach was chosen to be President of the Senate. On that same date, Hernandez and Rexach appointed Jimenez, also a member of the New Progressive Party, Director of the Legislative Service Office. Less than three weeks later, Negron, who is affiliated with Puerto Rico's Popular Democratic Party, was discharged. She was replaced by a New Progressive Party activist. II. Negron argues on appeal that, contrary to the district court's conclusion, defendants' decision to discharge her was not a legislative act entitled to absolute ___ legislative immunity from damages under 1983. We agree. It is established that "state legislators enjoy common-law immunity from liability for their legislative acts . . . that is similar in origin and rationale to that accorded Congressmen under the Speech or Debate Clause." Supreme Court of Va. v. Consumers Union of the United States, ____________________ _____________________________________ Inc., 446 U.S. 719, 732, 100 S. Ct. 1967, 64 L. Ed. 2d 641 ____ (1980). In Tenney v. Brandhove, 341 U.S. 367, 71 S. Ct. 783, ______ _________ 95 L. Ed. 1019 (1951), the United States Supreme Court "concluded that Congress did not intend 1983 to abrogate -7- the common-law immunity of state legislators." Supreme Court _____________ of Va., 446 U.S. at 732. Nevertheless, the Supreme Court ______ "has been cautious in recognizing claims that government officials should be free of the obligation to answer for their acts in court." Forrester v. White, 484 U.S. 219, _________ _____ 223-24, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). Legislators are absolutely immune only from claims that stem from their legitimate legislative activities. E.g., Supreme Court of ____ _________________ Va., 446 U.S. at 732; Roberson v. Mullins, No. 93-1618, ___ ________ _______ F.3d , 1994 WL 322560, at *1 (4th Cir. July 8, 1994); see ___ Forrester, 484 U.S. at 227 ("[I]mmunity is justified and _________ defined by the functions it protects and serves, not by the _________ person to whom it attaches." (emphasis in original)); Acevedo-Cordero v. Cordero-Santiago, 958 F.2d 20, 23 (1st _______________ ________________ Cir. 1992) ("Under current legal theory, immunity attaches or does not attach depending on what kind of action was performed rather than on who performed the action."). Acts undertaken by legislators that are administrative in nature do not "give rise to absolute immunity from liability in damages under 1983." Forrester, 484 U.S. at 229; Acevedo- _________ ________ Cordero, 958 F.2d at 23; Gross v. Winter, 876 F.2d 165, 170- _______ _____ ______ 73 (D.C. Cir. 1989). The issue is thus whether defendants were acting in a legislative or administrative capacity when they discharged -8- Negron. In Cutting v. Muzzey, 724 F.2d 259 (1st Cir. 1984), _______ ______ we spoke of two tests for distinguishing between legislative and administrative activity. The first test focuses on the nature of the facts used to reach the given decision. If the underlying facts on which the decision is based are "legislative facts," such as "generalizations concerning a policy or state of affairs," then the decision is legislative. If the facts used in the decisionmaking are more specific, such as those that relate to particular individuals or situations, then the decision is administrative. The second test focuses on the "particularity of the impact of the state action." If the action involves establishment of a general policy, it is legislative; if the action "single[s] out specifiable individuals and affect[s] them differently from others," it is administrative. Id. at 261 (quoting Developments in the Law Zoning, 91 Harv. ___ _______________________________ L. Rev. 1427, 1510-11 (1978)); e.g., Roberson, No. 93-1618, ____ ________ F.3d , 1994 WL 322560, at *2 ("[A] local governmental body . . . acts in a legislative capacity when it engages in the process of `adopt[ing] prospective, legislative-type rules.'" (quoting Front Royal & Warren County Indus. Park __________________________________________ Corp. v. Town of Front Royal, 865 F.2d 77, 79 (4th Cir. _____ _____________________ 1989))). Under either of these purported tests, defendants' decision to replace Negron a member of the Popular Democratic Party with a New Progressive Party activist was administrative. E.g., Forrester, 484 U.S. at 229 ____ _________ (holding that state-court judge acted in an administrative -9- capacity when he demoted and discharged a subordinate probation officer, allegedly on account of her sex, and, therefore, was not absolutely immune from a suit for damages under 1983); Roberson, No. 93-1618, F.3d , 1994 WL ________ 322560, at *2 (holding that members of a county board did not act in a legislative capacity when they terminated the public works superintendent, allegedly on account of his political affiliation, and, therefore, were not absolutely immune from a suit for damages under 1983); Gross, 876 F.2d at 170-73 _____ (holding that councilmember acted in an administrative, not legislative, capacity when she discharged a legislative researcher, allegedly on account of her religion, and, therefore, was not absolutely immune from a suit for damages under 1983); c.f. Rateree v. Rockett, 852 F.2d 946, 950 ____ _______ _______ (7th Cir. 1988) (finding absolute legislative immunity under the circumstances, but agreeing with plaintiffs "to the extent that employment decisions generally are administrative, regardless [of] whether [they are] made by a judge or a legislature"). The district court erred, therefore, when it dismissed Negron's 1983 claim on the grounds that defendants were shielded by absolute legislative immunity.6 ____________________ 6. We do not reach the issue of whether defendants may be entitled to qualified immunity, see Forrester, 484 U.S. at ___ _________ 230; Gross, 876 F.2d at 173 n.12, "which provides a bar to _____ liability for damages only where the immune actor can show that his actions were reasonable," Acevedo-Cordero, 958 F.2d _______________ -10- III. The district court's dismissal of Negron's 1983 claim is reversed, and we remand for further proceedings consistent with this opinion. As Negron does not argue on appeal that the district court erred in dismissing her claims brought pursuant to the Due Process Clause and the Americans with Disabilities Act (i.e., Counts 2 and 3), we do not ____ disturb the district court's dismissal of those counts. So ordered. __________ ____________________ at 22. -11-