**HERB CHAMBERS I–93, INC., doing business under the firm name and style Chambers Motor Cars of Boston, Plaintiff,**

v.

**MERCEDES–BENZ OF NORTH AMERICA, Defendant.**

**CA No. 95–10512–NG.**

United States District Court, D. Massachusetts.

April 19, 1995.

and took the more conservative approach under Ohio state law. 865 F.Supp. at 401.

ing a proposed sale of the Mercedes–Benz division of Gauthier Motors Inc. ("Gauthier") to a Mr. Michael J. Cantanucci. Chambers, who owns and operates an existing Mercedes–Benz dealership in Somerville, Massachusetts, maintains that the proposed sale and relocation of Gauthier violates his rights under M.G.L. c. 93B § 4(3)($l$). On the same day the Complaint was filed in state court, Mercedes–Benz of North America ("Mercedes–Benz") removed the case to this Court (based upon its diversity of citizenship) and moved to dismiss the Complaint. On March 23, 1995, I denied the plaintiff's motion for a preliminary injunction; and took the motion to dismiss under advisement. For the foregoing reasons the defendant's motion to dismiss is hereby **GRANTED.**

## II. *SUMMARY OF FACTS*

Plaintiff Chambers owns and operates a Mercedes–Benz dealership on the McGrath Highway in Sommerville, Massachusetts. According to the Complaint, Chambers and Mercedes–Benz are parties to a non-exclusive franchise agreement which allows the plaintiff to offer sales and service of Mercedes–Benz automobiles within Eastern, Massachusetts (an area covering Essex, Middlesex, Norfolk, Plymouth and Suffolk counties).

Gauthier Motors Inc. is a motor vehicle dealer which, until recently, owned and operated a Mercedes–Benz dealership in Salem, Massachusetts. Gauthier has been a Mercedes–Benz franchisee "for more than thirty years." Complaint at ¶ 17. In November, 1994, Gauthier entertained offers to purchase its Mercedes–Benz franchise. According to the Complaint, the plaintiff initially expressed interest in purchasing Gauthier's Mercedes–Benz franchise. Nevertheless, Gauthier struck a deal with a Mr. Michael Cantanucci. The terms of the transaction included the relocation of Gauthier's Mercedes–Benz dealership to Wakefield, Massachusetts. After a request for approval of the transaction by Gauthier, the defendant notified Chambers (and the other Metropolitan Boston-area Authorized Mercedes–Benz dealers) of its intent to approve the transaction on November 29, 1994.

Allan R. Curhan, Paul M. Harris, Powers & Hall, Boston, MA, for Plaintiff.

Luke T. Cadigan, Mark Szpak, Ropes & Gray, Boston, MA, for Defendant.

### MEMORANDUM AND DECISION

GERTNER, District Judge.

## I. *INTRODUCTION*

On March 13, 1995, Plaintiff Herb Chambers I–93, Inc. ("Chambers") filed this action in Middlesex Superior Court seeking an injunction barring the defendant from approv-

Chambers objected to the transaction itself and to the relocation. It expressed its concern to the defendant at a number of meetings held during the latter part of 1994 and the first two months of 1995. After failing to reach an agreement, Chambers brought suit alleging that the defendant violated M.G.L. c. 93B § 4(3)(*l*) by approving an additional franchise within Chamber's relevant market area.

### III. *THE APPLICABLE LEGAL STANDARD*

■ A motion to dismiss for failure to state a claim upon which relief may be granted (pursuant to F.R.Civ.P. 12(b)(6)) should only be granted when, taking the allegations in the Complaint as true, "it appears beyond doubt that the plaintiff cannot prove any set of facts in support of [it's] claim which would entitle [it] to relief." *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir. 1994) (citing *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994)).[1]

### IV. *THE APPLICATION OF M.G.L. CH. 93B § 4(3)(l)*

The plaintiff argues that the proposed sale and relocation of Gauthier Motors to a new site in Wakefield, Massachusetts violates M.G.L. c. 93B § 4(3)(*l*). That statute provides in relevant part:

It shall be deemed a violation ... for a manufacturer: arbitrarily and without notice to existing franchisees as hereafter provided, to grant or enter into a franchise or selling agreement to or *with an additional franchisee* who intends or would be required by such franchise or selling agreement to conduct its dealership operations from a place of business situated within the relevant market area of an existing franchisee ...

(emphasis added). Chambers argues that the term "additional franchisee" as used in the statute, includes the relocation of an existing automobile dealership.[2] I disagree.

■ A plain reading of the statute illustrates that the legislature ascribed a specific meaning to the terms "additional franchisee" when it drafted chapter 93B, namely, a new dealers/rep franchise. When the statutory language is clear, "the plain and ordinary meaning is conclusive as to legislative intent in the absence of any contrary evidence such as the statute's history and purpose." *Commonwealth v. One 1987 Mercury Cougar Auto*, 413 Mass. 534, 537, 600 N.E.2d 571 (1992).

In *128 Sales, Inc. v. Saab–Scania of America, Inc.*, No. 88–5346, slip op. at 3 (Middlesex Superior Court, Oct. 6, 1988), the court addressed a situation nearly identical to the facts of this case. After examining both the legislative history and the statutory language, the court determined that the statute's prohibition against "additional franchises" within the same "relevant market area" did not encompass the sale and relocation of existing automobile dealership.

In addition to evaluating the plain language and legislative history of chapter 93B, the *128 Sales* court considered the plaintiff's interpretation of the statute and its relation to other sections of the chapter. *Id.* at p. 6–7. For example, chapter 93B requires automobile manufacturers or distributors to consent to requests to transfer franchises where withholding such consent would be unreasonable. *Id.* at p. 7. At the same time, plaintiff suggests that an automobile manufacturer/distributor would be subject to suit under § 4(3)(*l*) for approving certain sales and relocation of an existing franchise, if the relocation placed the existing franchise within the same "relevant market area" as another existing franchise.

---

[1] Both parties filed affidavits in support and opposition to the motion to dismiss and the earlier motion for a preliminary injunction. Nevertheless, the motion to dismiss turns solely on a matter of law—namely whether M.G.L. c. 93B applies to the sale and relocation of an existing automobile franchise. In order to resolve this issue, I need not consider the supporting affidavits. Accordingly, I will not convert this motion to dismiss to a motion for summary judgment pursuant to F.R.Civ.P. 12(b).

[2] According to the plaintiff, the focus of the statute is on prohibiting additional dealers within the "relevant market area" of an existing dealership; regardless of whether the "additional" dealership is "new" or "existing." Plaintiff's Memorandum in Opposition at p. 3–5.

In short, the plaintiff's proposed reading of the statute presents a classic "Catch 22" situation. Either the manufacturer/distributor is subject to suit by an existing franchisee for approving the sale and relocation of an existing franchise, or the manufacturer/distributor is subject to suit for withholding approval of a franchise sale. This could not be the intent of the Massachusetts Legislature.

The Massachusetts Legislature adopted Chapter 93B in an effort to level the playing field between local automobile dealers and the powerful national manufacturers/distributors. *128 Sales,* at p. 7–8. One aim was increased alienability of franchises. The plaintiff urges me to adopt an interpretation of the statute which would undercut an existing dealer's ability to get the highest price for his investment. By interpreting the term "additional franchisee" in § 4(3)($l$) to include the sale and relocation of an existing dealership, the statute would significantly erode the market for purchasing existing dealerships. This result would run contrary to chapter 93B's intent of strengthening local dealer's rights. Chapter 93B "is to be used by dealers as a shield to protect against manufacturer abuse, not as a sword to impede other dealers from exercising rights explicitly protected by the statute." *128 Sales,* at p. 7.

Since M.G.L. c. 93B § 4(3)($l$) does not apply to prohibit the sale and relocation of an existing automobile franchise, the defendant's motion to dismiss is hereby **GRANTED.**

**SO ORDERED.**