865 F.2d 77
 FRONT ROYAL AND WARREN COUNTY INDUSTRIAL PARK CORPORATION, a
Virginia Corporation; Fred W. McLaughlin; Gladys
L. McLaughlin, Plaintiffs-Appellees,
v.
TOWN OF FRONT ROYAL, VIRGINIA; John Marlow, and as Mayor;
Michael Kitts, individually and as member of Town Council;
Edwin L. Pomeroy, individually and as member of Town
Council; Albert G. Ruff, Jr., individually and as former
member; George E. Banks, individually and as former member,
Brackenridge H. Bentley, individually and as Town Manager,
Defendants-Appellants.
 No. 88-2066.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 5, 1988.
Decided Jan. 9, 1989.
Rehearing Denied Jan. 31, 1989.
 
 Mark D. Obenshain (Glenn M. Hodge, Wharton, Aldhizer & Weaver, Harrisonburg, Va., on brief) for defendants-appellants.
 Robert C. Fitzgerald (Myron C. Smith, Fitzgerald & Smith, P.C., Fairfax, Va., on brief) for plaintiffs-appellees.
 Before WINTER, SPROUSE and ERVIN, Circuit Judges.
 ERVIN, Circuit Judge:
 
 
 1
 Plaintiffs in this consolidated Sec. 1983 action are two Front Royal, Virginia, landowners and the Front Royal and Warren County Industrial Park Corporation. Plaintiffs seek damages from defendants, the Town of Front Royal ("Front Royal") and various Front Royal officials, for alleged violations of plaintiffs' fifth and fourteenth amendment rights. The district court granted plaintiffs' motion to strike defendants' absolute immunity defense. We hold that the district court's order striking the defense was immediately appealable, and affirm.
 
 I.
 
 2
 Plaintiffs own parcels of land annexed by Front Royal in 1976 and 1978. At the times of annexation, the Virginia Annexation Court ordered Front Royal to extend sewer service to the annexed parcels as quickly as reasonably possible, and in any event within five years. Plaintiffs allege that Front Royal has denied their repeated requests for sewer service. When plaintiffs filed suit on February 12, 1987, Front Royal had not yet extended sewer service to the annexed parcels.
 
 
 3
 Plaintiffs' complaints alleged that defendants' failure to provide sewer service had deprived plaintiffs of all economically viable and reasonable uses of their land. Plaintiffs also alleged that defendants had deprived them of equal protection of the laws by withholding sewer service from plaintiffs while providing service to other landowners whose needs were no greater than plaintiffs'.
 
 
 4
 Defendants interposed a number of affirmative defenses, among them that absolute legislative immunity insulated them from suit. Plaintiffs moved to strike the absolute immunity defense, contending that defendants had taken no legislative action with respect to sewer service. The district court granted plaintiffs' motion to strike in an order from which defendants noticed an interlocutory appeal.[1] Plaintiffs in turn argue that the order is not immediately appealable.
 
 II.
 
 5
 Plaintiffs advance the threshold contention that the district court's order is not immediately appealable under the test articulated in Nixon v. Fitzgerald, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982).[2] We disagree. The Supreme Court has several times held that orders denying claims of absolute immunity are immediately appealable. Nixon, 457 U.S. at 742, 102 S.Ct. at 2697.
 
 
 6
 We also note initially that we have held that orders denying absolute immunity are, as a general matter, immediately appealable under the Nixon criteria. England v. Rockefeller, 739 F.2d 140, 142 (4th Cir.1984); Bever v. Gilbertson, 724 F.2d 1083, 1086-87 (4th Cir.), cert. denied, 469 U.S. 948, 105 S.Ct. 349, 83 L.Ed.2d 285 (1984). Plaintiffs nonetheless contend that this appeal presents no serious and unsettled question of law. Because what defendants have asserted is essentially the right to avoid trial, we believe the district court's denial of immunity presents a serious legal issue. We know of no Supreme Court case that has resolved an absolute immunity claim similar to that broached by defendants. See Nixon, 457 U.S. at 743, 102 S.Ct. at 2697-2698. We therefore conclude that the district court's order in this case was immediately appealable.
 
 III.
 
 7
 It is well established that local legislators enjoy absolute immunity from suit for decisions made in their capacity as legislators. Scott v. Greenville County, 716 F.2d 1409, 1422-23 (4th Cir.1983); Bruce v. Riddle, 631 F.2d 272, 279 (4th Cir.1980). The inquiry in this case is accordingly whether the district court correctly concluded that the defendants' denials of requests for sewer service were not legislative actions. We believe the district court was correct to conclude that the defendants' decisions were not legislative.[3]
 
 
 8
 In Scott, 716 F.2d at 1423, we held that when municipal officials "do more than adopt prospective, legislative-type rules and take the next step into the area of enforcement, they can claim only the executive qualified immunity appropriate to that activity." We agree with the district court that defendants' decisions had to do with zoning enforcement rather than with rulemaking. See First Virginia Bank-Colonial v. Baker, 225 Va. 72, 301 S.E.2d 8, 11 (1983) (municipal officer liable for misfeasance of a ministerial duty); Howlett v. City of South Norfolk, 193 Va. 564, 69 S.E.2d 346, 348 (1952) (construction of authorized public works as a ministerial activity); Hoggard v. Richmond, 200 S.E. 610, 615 (1939). The order of the Virginia Annexation Court removed what discretion defendants might otherwise have had to approve or decline plaintiffs' requests for sewer service. Defendants have not argued that they could lawfully have defied the annexation court's order,[4] or that their failure to comply with the order represented a policy decision that to do so was in the best interests of Front Royal's citizens. Defendants have, in short, not claimed that their failure to authorize sewer service is the sort of discretionary, prospective determination that warrants absolute immunity.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The order also denied defendants' motion to dismiss the action based on absolute immunity
 
 
 [2]
 Nixon declared that:
 [A] small class of interlocutory orders are immediately appealable to courts of appeals.... [T]his class embraces orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 [98 S.Ct. 2454, 2458, 57 L.Ed.2d 351] (1978)) ... [A]n additional requirement [is] that collateral appeal of an interlocutory order must "presen[t] a serious and unsettled question." (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 547 [69 S.Ct. 1221, 1226, 93 L.Ed. 1528] (1949)).
 457 U.S. at 742, 102 S.Ct. at 2697 (citations omitted).
 
 
 [3]
 Plaintiffs did not appeal the district court's denial of their motion to strike defendants' qualified executive immunity defense. Our decision accordingly reflects no opinion on the applicability or effect of the qualified immunity defense
 
 
 [4]
 Counsel stated in oral argument that the Virginia Annexation Court no longer exists, but did not contest the continuing validity of the court's orders with respect to plaintiffs' parcels