Revaz v. Fleet, N.H.                    CV-96-379-M    11/12/96
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Suzanne Y. Revaz, Individually and as
        Co-Trustee of the Frederic E. Revaz
        Revocable Trust and Jacqueline White

        v.                                      Civil No. 96-379-M

Fleet, N.H., formerly Shawmut Bank, N.A.,
        Fred Edward Revaz, and Anna Revaz


                            O R D E R


        Two members of the Revaz family question the apparent

depletion of a family trust by two other members.  The

plaintiffs, Suzanne Y. Revaz, both individually and in her

capacity as a trustee of her late husband's trust, and her

daughter, Jacqueline White, formerly Jacqueline Revaz, bring

claims against Fred E. Revaz (Suzanne's son and Jacqueline's

brother), Fred's wife, Anna Revaz, and Fleet N.A., the successor

to Shawmut Bank, N.A., as trustee of the Revaz trust.  The

individual defendants, Fred and Anna Revaz, move to dismiss the

plaintiffs' claims against them.  The defendants' motion is

resolved as follows.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Ordinarily, if parties submit materials outside the pleadings on a motion to dismiss, the court must either exclude those materials from consideration or treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b). A narrow exception permits consideration of documents that are central to the plaintiffs' claim, that are referred to in the plaintiffs' complaint, and when the parties do not dispute the authenticity of the submitted documents. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Fudge v. Penthouse Intern., Ltd., 840 F.2d 1012, 1014-15 (1st Cir.), cert. denied, 488 U.S. 821 (1988).

In this case, the defendants have submitted copies of the trust instrument and powers of attorney granted by Frederic and Suzanne Revaz to their son, Fred Revaz. The submitted documents pertain to the plaintiffs' claims that the defendants fraudulently acquired the powers of attorney and then depleted the trust and the parents' bank accounts for the defendants' own

2

use.  The plaintiffs have not objected to the authenticity of the submitted copies, nor have they requested that the documents not be considered.  Therefore, the submitted documents will be considered without converting the defendants' motion into one for summary judgment.

In considering a motion to dismiss, the court must take all well-pleaded facts in the complaint as true and draw reasonable inferences in favor of the plaintiff, but the court need not credit "bald assertions" or legal conclusions.  <u>Washington Legal Found. v. Massachusetts Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993).  "A complaint must contain 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 628 (1st Cir. 1996) (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988)).  A claim will not be dismissed unless it appears beyond a doubt from the allegations in the complaint, taken in the proper light, that the plaintiffs cannot prove facts that would entitle them to relief.  <u>Negron-Gaztambide v. Hernandez-Torres</u>, 35 F.3d 25, 27 (1st Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 1098 (1995).

## BACKGROUND[1]

Frederic Eugene Revaz executed the Frederic E. Revaz Revocable Trust on March 19, 1984, naming both the Shawmut First Bank and Trust Company (now Fleet, N.A., and referred to in this Order as "Fleet") and his wife, Suzanne Y. Revaz, as co-trustees. He established the trust when he was elderly, for his own benefit during the remainder of his life, for the benefit of his wife, should she survive him, and eventually for their children, Fred and Jacqueline. The trust instrument provided that during Frederic Revaz's lifetime Fleet would pay him net income or principal from the trust as he requested in a signed writing, and that if Fleet determined that Revaz was incapable of handling his affairs, it would pay income and principal for Revaz's benefit or for the benefit of his wife or his children as Fleet "deems advisable."

From March 1985 through August 13, 1992, Frederic Revaz withdrew quarterly disbursements of interest in amounts of $2,000 to $2,500, and withdrew principal only twice, in a total amount of $7,700. The Revazes' son, Fred Revaz, obtained a durable power of attorney dated August 15, 1992, from each of his

---

[1] The background facts are presented in accordance with the applicable standard — most favorably to plaintiffs.

4

parents. The powers of attorney appear to have been signed in the names of each parent, and Anna and Fred Revaz signed each document as witnesses. Neither power of attorney is acknowledged by a notary public, although the blank form for acknowledgment is printed at the end of each document. The plaintiffs allege that the powers of attorney were "either forged or otherwise wrongfully obtained by Defendants Fred Revaz and Anna Revaz."

Beginning in mid-August 1992, Fred Revaz began to withdraw funds from the trust. A withdrawal of $30,000 on April 12, 1995, finally exhausted the trust. Fred Revaz withdrew, and used for his own and his wife's benefit, an aggregate amount of approximately $170,000 from the principal of the trust, and an additional unknown amount representing accumulated interest. Fred also depleted his parents' bank accounts for his own use.

When Suzanne Revaz and her daughter, Jacqueline White, first learned, on April 24, 1995, of Fred's withdrawals from the trust and other accounts, they promptly contacted Fleet. After receiving some information about Fred's dealings with the trust, but generally finding Fleet uncooperative, the plaintiffs attempted to terminate Fleet as trustee and name a different bank under the terms of the trust. Fleet refused to honor plaintiffs'

5

requests.  Frederic Revaz died on May 3, 1995.  This action was filed in July 1996.

## **DISCUSSION**

Among other counts, plaintiffs assert a claim of breach of fiduciary duty against Fred Revaz, and claims of fraud and intentional and negligent infliction of emotional distress against both Fred and Anna Revaz.  Fred and Anna Revaz move to dismiss all claims against them.

The parties have not addressed a potential choice-of-law issue in this diversity case, and seemingly rely on a combination of New Hampshire law, law from other jurisdictions, and citations from treatises to support their respective positions.  The trust document specifies that it is to be governed by Massachusetts law; the referenced powers of attorney were apparently executed in Massachusetts; the trust funds and bank accounts apparently were located in and funds were withdrawn in Massachusetts; and the defendants are all Massachusetts residents.  On the other hand, both plaintiffs reside in New Hampshire.  As choice of law is not jurisdictional, however, the parties may waive the issue. See Violette v. Smith & Nephew Dyonics, Inc., 62 F.3d 8, 11 (1st Cir. 1995), cert. denied, 116 S.Ct. 1568 (1996); LaPlante v.

6

American Honda Motor Co., Inc., 27 F.3d 731, 740 (1st Cir. 1994).
Accordingly, for purposes of the present motion, the court will
deem the issue waived, and apply New Hampshire law, assuming that
no material conflict exists with Massachusetts law.

## A.    Breach of Fiduciary Duty

Fred Revaz argues that the plaintiffs have failed to state a
claim of breach of fiduciary duty against him because he owed no
such duty to either of them.  Determining what duties were owed,
if any, necessarily requires sorting out the parties'
relationships with each other and their actions, paying
particular attention to Fred Revaz's obligations under the
various roles he played.

Plaintiffs allege that under the terms of his father's
trust, Fred Revaz was a beneficiary along with his sister,
Jacqueline, and their mother, Suzanne.[2]  As a beneficiary, Fred
may have owed a duty to his co-beneficiaries, his mother and
sister, not to participate in a breach of the trust's provisions
or to attempt to obtain a preferential advantage over them.  See

---

[2]  It is beyond the scope of this Order to construe terms of
the trust to determine what, if any, interest was conveyed to
each of the parties.  See, e.g., Austin W. Scott and William F.
Fratcher, Scott on Trusts, § 128 (4th ed. 1989) (discussing
extent of beneficiaries' interests).

7

Scott on Trusts, § 257A. The plaintiffs allege specifically, however, that Fred withdrew the assets of the trust under the power of attorney, ostensibly granted by his father, so that Fred was acting in his father's stead, as settlor, and was not acting in his capacity as co-beneficiary. However, plaintiffs also acknowledge that Frederic Revaz, as settlor, had "unfettered withdrawal discretion." The plaintiffs do not allege that the trust itself imposed any continuing duty on the settlor to act for the benefit of the trust beneficiaries, nor have they pointed to any such duty imposed by law.[3]

Plaintiffs also allege that Fred breached fiduciary duties owed to his parents arising under the powers of attorney when he withdrew funds from the trust and from his parents' bank accounts and applied those funds to his own use. Under New Hampshire law, one who holds a power of attorney does owe a fiduciary duty to the principal. In re Estate of Ward, 129 N.H. 4, 10 (1986); accord St. Joseph's Hospital of Nashua v. Rizzo, 676 A.2d 98, 100 (N.H. 1996). Thus, Fred was legally obligated to exercise his authority under each parent's power of attorney strictly for the benefit of the parent whose authority he was exercising. Ward,

---

[3] Fred was not a trustee so he cannot be held to the fiduciary duty of a trustee.

8

129 N.H. at 10. As his father is now deceased, and the estate is not a party to this suit, no claims may be made by the present plaintiffs for breach of a fiduciary duty owed by Fred to his father under the power of attorney. Plaintiffs have cited no authority to support their theory that the fiduciary duty owed under a power of attorney protects the interests of third parties.

Fred's mother, Suzanne, also alleges that Fred breached his fiduciary duty to her by taking the funds in the trust and in her bank accounts under her power of attorney. It is unclear what plaintiffs claim Fred did under the authority of Suzanne's power of attorney, or what the power of attorney would or would not have authorized him to do relative to the trust. However, those infirmities raise factual issues (or gaps) that are beyond the scope of this Order, which is limited to the motion to dismiss. Taking the facts as alleged, Suzanne, but not Jacqueline, has stated a claim against Fred Revaz for breach of <u>fiduciary</u> duty. The breach of fiduciary duty claim is dismissed as to plaintiff Jacqueline White.[4]

---

[4] Plaintiffs do not allege any fiduciary duty owed by Fred to them based on any relationship other than that imposed by the trust and by the powers of attorney.

9

**B.    Intentional and Negligent Infliction of Emotional Distress**

Suzanne Revaz also asserts claims against Fred and Anna Revaz for intentional and negligent emotional distress, which the defendants move to dismiss as insufficient.

Under New Hampshire law, to state a claim for intentional infliction of emotional distress, a plaintiff must allege facts showing that the defendants intentionally or recklessly caused her severe emotional distress by extreme and outrageous conduct. See Morancy v. Morancy, 134 N.H. 493, 495-96 (1991) (quoting Restatement (Second) Torts §46 (1965)).  The plaintiffs allege that the defendants' "systematic and wrongful taking" of funds from the trust and bank accounts "was intentional, knowing, willful and wanton in its disregard of the severe emotional injury inflicted upon Plaintiff Suzanne Revaz who, at 90 years old, widowed and in failing health, would be left without sufficient financial support in her declining years."  They further allege that the defendants were aware of Suzanne's "fragile physical, mental and emotional condition" and knew or should have known of the effects of taking the money.  They allege that the effects of the defendants' conduct on Suzanne were "extreme emotional upset, severe anxiety and fright and intense mental distress and apprehension."  These conclusions are

10

not, however, supported by any factual allegations. For example, what facts support the allegations of "fright" and "mental distress," etc?

Plaintiffs' allegations may be sufficient to meet the first element, that the defendants acted recklessly (although not intentionally (that is, not with the intent to inflict emotional distress), thereby causing Suzanne emotional distress. However, plaintiffs do not allege facts that show or would permit an inference as to the severity or duration of Suzanne's distress. See, e.g. Morancy, 134 N.H. at 496. As the defendants point out, mere statements of legal conclusion are insufficient to state the elements of a claim. See Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996). Accordingly, the claim for intentional infliction of emotional distress is necessarily dismissed for failure to adequately plead facts supporting the claim.

To state a claim for negligent infliction of emotional distress, Suzanne must allege "physical manifestations" of her distress. Thorpe v. New Hampshire Dept. of Corrections, 133 N.H. 299, 303 (1990); accord Morancy, 134 N.H. at 495. The complaint includes no allegations that Suzanne has suffered any "physical manifestations" of the distress allegedly caused by the

11

defendants' depletion of the trust and her bank accounts. Therefore, the claim for negligent infliction of emotional distress must also be dismissed as to Fred and Anna Revaz.

## C.    Sufficiency of the Fraud Claim

Defendants also argue that the plaintiffs' claim based on "Fraud, Deceit, Misrepresentation and Conversion" fails to allege fraud with sufficient particularity to meet the requirements of Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."  The purposes of Rule 9(b)'s particularity requirement are to provide the defendants with notice of the acts forming the bases for claims against them to allow them to prepare meaningful responses; to prevent "strike suits" or retaliatory claims based on conclusory allegations; and to protect against groundless claims that would injure the defendants' reputations.  New England Data Servs., Inc. v. Becher, 829 F.2d 286, 292 (1st Cir. 1987); Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).  To fulfill Rule 9(b)'s purposes, plaintiffs must specify "particular times, dates, places or other

details of the alleged fraudulent involvement of the actors."
Serabian v. Amoskeag Bank Shares, Inc., 24 F.3d 357, 361 (1st
Cir. 1994); accord Hayduk, 775 F.2d at 444 (conclusory
allegations of fraud insufficient even if repeated several
times).

Plaintiffs allege that on August 15, 1992, Fred Revaz
acquired "what purported to be" powers of attorney from his
mother and father.  They further allege "upon information and
belief" that Fred and Anna Revaz drafted the power-of-attorney
forms and then either forged Frederic and Suzanne's signatures or
induced them to sign the forms by falsely promising that they
"would selflessly and responsibly care for their parents'
financial affairs including the Trust."  Plaintiffs further
allege that Frederic and Suzanne relied on Fred and Anna with
respect to the trust and their personal financial accounts' as
they were elderly and becoming infirm, and that Fred and Anna
used Frederic's power of attorney to take the funds in the trust
and bank accounts for their own use from August 1992 until April
1995.  In support of their forgery claim, the plaintiffs allege
that Frederic's apparent signature on the power of attorney form
does not disclose the enfeeblement that had made him unable to
legibly sign bank checks, they also point to the lack of

13

acknowledgement by a notary public, and they note that Fred and Anna signed as witnesses to the parents' signatures.

When plaintiffs allege fraud based on "matters peculiarly within the knowledge of the opposing party" and rely on information and belief rather than first-hand knowledge, "the complaint must set forth the source of the information and the reasons for the belief." Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir. 1991). The defendants' point, that Suzanne might be expected to know whether her signature was forged or whether she signed the form in reliance on the defendants' representations, is well taken although it is certainly possible that her advanced age or infirmities may have clouded her memory. Further, plaintiffs have not specifically identified the source of their "information and belief."

Nevertheless, the complaint adequately puts defendants on notice that they are charged with obtaining forged powers of attorney on August 15, 1992, or obtaining powers through duplicating and false representations made to Frederic and Suzanne Revaz to induce them to provide the powers. The complaint explains that the "information and belief" regarding forgery is based on the lack of acknowledgement, the identity of the witnesses, and the inconsistency between Frederic's legible

14

"signature" on his power of attorney and his infirmity at the time.  The complaint discloses representations allegedly made by Fred and Anna, although the source of that information is not given, and it describes fund withdrawals for Fred's and Anna's personal benefit between August 1992 and April 1995 as proof that the representations of fealty were false when made.  Under the circumstances, the court will presume that the source of the substance of defendants' representations is Suzanne.  If that is not the case, the plaintiffs are directed to amend their complaint to clarify the basis for their "information and belief" allegations as to the representations made to Suzanne and Frederic.

Despite the pleading deficiencies, the fraud claim is not obviously based on groundless conclusory allegations, and does not seem to be aimed at coercing settlement or an attempt to damage the defendants' reputations, and therefore the purposes of Rule 9(b) would not be undermined if the fraud claim is allowed to stand, at least through discovery.  See Boston & Maine Corp. v. Town of Hampton, 987 F.2d 855, 866 (1st Cir. 1993).  No doubt plaintiffs will consider filing a motion to appropriately amend their complaint in light of applicable law to remove any doubt relative to pleading deficiencies.  As the allegations of fraud

15

are minimally sufficient to meet the requirements of Rule 9(b), defendants' motion to dismiss the fraud claim is denied.

## CONCLUSION

The defendants' motion to dismiss (document # 6) is granted as to plaintiffs' claims of intentional and negligent infliction of emotional distress, and granted as to the breach of fiduciary duty claim brought by Jacqueline White, but is otherwise denied. Accordingly, Count VI is dismissed as to Jacqueline White's claim; and Counts VII and VIII are dismissed entirely. Plaintiffs may amend their complaint as necessary to clarify their fraud claim and to correct any other deficiencies subject to applicable law.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

**November 12, 1996**

cc:  David P. Cullenberg, Esq.
     Lawrence M. Edelman, Esq.
     Diane R. Bech, Esq.

16