UNITED STATES of America

v.

**ONE LOT OF SEVENTEEN THOUSAND TWO HUNDRED TWENTY DOLLARS ($17,220.00) IN UNITED STATES CURRENCY.**

**CIV.A. No. 98–139ML.**

United States District Court,
D. Rhode Island.

Nov. 9, 1998.

Margaret E. Curran, U.S. Attorney, Michael P. Iannotti, Asst. U.S. Attorney, Providence, RI, for Plaintiff.

John F. Cicilline, Providence, RI, for Defendant.

### MEMORANDUM AND ORDER

HAGOPIAN, United States Magistrate Judge.

The plaintiff, the United States, alleges in this action that the defendant currency constitutes monies furnished in exchange for controlled substances and the proceeds of controlled substance exchanges within the meaning of 21 U.S.C. § 881(a)(6). It is fur-ther alleged, that by reason of the foregoing, the defendant currency is forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6). The case has been referred to me for trial and disposition pursuant to 28 U.S.C. § 636(c).

*Motions Before the Court*

Before the court are two motions of the claimant, Brian Faria, which seek dismissal of the government's complaint for forfeiture *in rem.* The claimant's "motions to dismiss" are treated by the Court as motions to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. *See Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994), *cert. denied,* 513 U.S. 1149, 115 S.Ct. 1098, 130 L.Ed.2d 1066 (1995). Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 46–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The first motion alleges that allowing the government. to proceed would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The second motion alleges the complaint is not supported by probable cause. An evidentiary hearing was neither requested nor conducted. There was no oral argument. I have considered the respective submissions of the parties' papers in support of and in opposition to the motions now before the Court. Fed.R.Civ.P. 78. For the reasons set forth below, both motions are denied.

### I. BACKGROUND

Faria was found guilty on December 12, 1997, of conspiracy to possess cocaine in violation of Title 21 U.S.C. § 846 and of possession of cocaine in violation of 21 U.S.C. § 844. On June 12, 1997, officers of the Providence Police Department executed a search of Faria's residence located at 76 Amity Street, Apartment C, Providence, Rhode

Island, pursuant to a search warrant issued by a judge of the District Court of the State of Rhode Island. Among the items seized were: a .38 caliber Charter Arms revolver, serial # 170531; 23 rounds of .38 ammunition; a triple-beam balance scale; a ziplock bag containing approximately 5 ounces of cocaine, and the defendant currency, one lot of seventeen thousand two hundred twenty dollars ($17,220.00). On March 18, 1998, the government filed the instant complaint for forfeiture *in rem*, pursuant to 21 U.S.C. § 881(a)(6). A warrant to seize the currency was issued on March 20, 1998. Faria filed an answer to the complaint together with a claim of ownership on March 31, 1998. Claimant then filed the instant motions to dismiss.

## II. DISCUSSION

### A. *Double Jeopardy*

#### 1. Applicable Law

■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects citizens from twice being placed in jeopardy for the same offense. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The Supreme Court in *United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), held that separate criminal prosecutions and civil forfeiture actions do not constitute double jeopardy. Specifically, the court determined that civil forfeitures for violations of narcotics laws are neither "punishment" nor "criminal" for purposes of double jeopardy. *Id.,* 518 U.S. 267, 116 S.Ct. at 2147, 2148. The Supreme Court stated:

> Since the earliest years of this Nation, Congress has authorized the Government to seek parallel in rem civil forfeiture actions and criminal prosecutions based on the same underlying events. *Id.,* 518 U.S. 267, 116 S.Ct. at 2140.

■ Accordingly, for the reasons stated below, I find that the forfeiture proceeding which is now before the court does not violate the Double Jeopardy Clause of the Fifth Amendment.

The claimant, Brian Faria, contends that the *Ursery* decision "does not address circumstances where proceedings are so punitive in fact that they may not legitimately be viewed as civil in nature." Faria asserts that his case falls outside the scope of the *Ursery* decision and that the government turned what may have been a remedial act into a punitive one. Faria alleges the government initiated the forfeiture proceeding in response to a jury verdict less serious than the original charges. I find that claimant misinterprets *Ursery* and how it applies to forfeiture proceedings.

Title 21 U.S.C. § 881(a)(6), to the extent it applies to "proceeds" of illegal narcotics activity, serves the non-punitive goal of ensuring that persons do not profit from their illegal acts. *Ursery,* 518 U.S. 267, 116 S.Ct. at 2148–2149. The forfeiture of items used in or derived from illegal drug transactions serves a remedial rather than punitive purpose. *Id.,* 518 U.S. 267, 116 S.Ct. at 2149. Forfeitures result in the confiscation of property used in violation of the law and the disgorgement of the fruits of illegal conduct. *Id.,* 518 U.S. 267, 116 S.Ct. at 2144. Forfeiture serves a deterrent purpose distinct from any punitive purpose. *Bennis v. Michigan,* 516 U.S. 442, 116 S.Ct. 994, 1000, 134 L.Ed.2d 68 (1996). Congress has also indicated, by creating distinct civil procedures for forfeitures under § 881, that it intended forfeitures to be a civil, not a criminal sanction. *Ursery,* 518 U.S. 267, 116 S.Ct. at 2148. The *Ursery* decision sets forth the mentioned applicable rules. In applying them, I find the within civil forfeiture action does not constitute a violation of the Double Jeopardy Clause of the Fifth Amendment. Accordingly, the claimant's motion to dismiss on the grounds of double jeopardy must be denied.

### B. *Probable Cause*

Faria also seeks dismissal on the grounds that the government's complaint is not supported by probable cause. For purposes of the instant motion, the allegations of the complaint are deemed accepted. *See LaChapelle v. Berkshire Life Ins., Co.,* 142 F.3d 507 (1st Cir.1998). In reviewing the complaint, I find that a plain reading of the non-moving party's complaint demonstrates the existence of probable cause.

The government's burden of proof to establish that property is subject to forfeiture is satisfied by showing probable cause to believe the property was connected with an illegal drug transaction. *See U.S. v. Two Hundred Fifty Thousand Dollars ($250,000,-00) in U.S. Currency*, 808 F.2d 895 (1st Cir.1987). This probable cause standard is similar to that used in search and seizure cases. The government need only show that there is a reasonable ground for belief that the defendant currency is subject to forfeiture. *Id.* at 897. The reasonable grounds for belief may be supported by less than prima facie proof but more than mere suspicion. *Id.* at 897.

Claimant, Brian Faria, contends that neither the complaint nor the accompanying affidavit establishes that the money which the government seeks to forfeit is related to illegal drug activity. Faria relies on *U.S. v. Jenison*, 484 F.Supp. 747 (D.R.I.1989), which states that the probable cause assertion must be supported by a factual recitation that substantially and instrumentally relates the money to illegal drugs. *Id.* Claimant Faria concludes that the facts presented are not significantly probative of probable cause, thereby failing to provide a basis for the complaint. The claimant's contention is without merit. I find that the facts alleged substantially connect the subject currency to cocaine-related activity.

The government points out that probable cause may be established by circumstantial evidence that such property constitutes the proceeds of narcotics dealings. *See U.S. v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1434 (9th Cir.1985). "Common experience considerations" should be applied in determining whether the funds are derived from illegal narcotics transactions. *United States v. Two Hundred Fifty Thousand Dollars ($250,000.00) in United States Currency*, 808 F.2d at 899. It is not necessary to introduce evidence of a particular drug transaction. *U.S. v. Four Million Two Hundred and Fifty-five Thousand Dollars ($4,255,-000.00)*, 762 F.2d 895 (11th Cir.1985).

The complaint and its appended affidavit contain assertions sufficient to establish probable cause that the defendant currency is the proceeds of narcotics transactions or was intended to be furnished in exchange for narcotics. The search warrant was issued after a controlled purchase of cocaine from Faria. Execution of the search warrant resulted in the discovery of additional narcotics and paraphernalia inside the residence, and ultimately, to conviction for possession and conspiracy to possess the narcotics. Among the items seized at Faria's residence: a .38 caliber Charter Arms revolver, serial # 170531; twenty-three (23) rounds of .38 caliber ammunition; a triple beam balance scale; a ziplock plastic bag containing approximately five (5) ounces of cocaine and the defendant currency, one lot of seventeen thousand two hundred twenty dollars ($17,-220.00).

In *U.S. v. Two Thousand Five Hundred ($2,500.00) in U.S. Currency*, 689 F.2d 10 (2nd Cir.1982), the court found that "this quantity of cash [$2,500.00] is substantially greater than is commonly kept in residential premises by law-abiding wage earners." The connection between the currency and the heroin was further demonstrated to the court because the defendant had recently been involved in a purchase and attempted sale of heroin to an undercover agent of the Drug Enforcement Administration. *Id.* at 16. Other information considered in establishing the connection of the currency and the heroin was that the money was secreted in a case in the drug defendant's closet with recorded drug transactions, in addition to a fine precision scale of the type used in drug dealings. *Id.* at 16. The totality of this information caused the court to conclude that the evidence was more than sufficient to establish probable cause. *Id.* at 16.

I find that the facts in the case at hand are similar to the facts of *U.S. v. Two Thousand Five Hundred ($2,500.00) in U.S. Currency*, supra. Accordingly, viewing the allegations of the complaint and its appended affidavit as true in its entirety, I conclude that the reliable information is sufficient to establish probable cause that the defendant currency is connected to illegal drug activity. As in *U.S. v. Two Thousand Five Hundred ($2,500.00) in U.S. Currency*, supra, the defendant currency, in the case at hand, was found in the residence of the claimant Faria after a controlled purchase of cocaine was made from him. The amount of cash discov-

ered in Faria's residence ($17,220.00) is not an amount commonly kept in residential premises by law-abiding wage earners. Here, the currency was in small bills, ten's, twenty's, fifty's and one hundred dollar bills indicating their use or intent that they be used in narcotics transactions. In addition to the currency, five ounces of cocaine, a scale, a .38 caliber Charter Arms Revolver and other narcotics paraphernalia were found during the search of Faria's residence. As discussed in *U.S. v. Two Thousand Five Hundred ($2,500,00) in U.S. Currency*, supra, these items are of the type commonly used in drug dealings. Given the totality of these circumstances, I find the probable cause assertion in the case at bar is supported by a factual recitation that substantially and instrumentally relates the money to the cocaine. *Jenison*, 484 F.Supp. at 747.

## III. CONCLUSION

Accordingly, for the reasons stated above, claimant Faria's motions to dismiss are hereby denied. It is so ordered.