**UBS FINANCIAL SERVICES INC., UBS Financial Services Incorporated of Puerto Rico, and UBS Trust Company of Puerto Rico, Petitioners,**

v.

**ASOCIACIÓN DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Respondent.**

**CIVIL NO. 16–2017 (GAG)**

United States District Court, D. Puerto Rico.

Signed December 22, 2016

---

Roberto C. Quinones–Rivera, Maria C. Cartagena–Cancel, McConnell Valdes, LLC, San Juan, PR, Adriel I. Cepeda–Derieux, Peter J. MacDonald, Ross E. Firsenbaum, Wilmer Cutler Pickering Hale and Dorr, LLP, New York, NY, for Petitioners.

Osvaldo Carlo–Linares, Lausell & Carlo, PSC, San Juan, PR, for Respondent.

### OPINION AND ORDER

GUSTAVO A. GELPI, United States District Judge

In this action, UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, and UBS Trust Company of Puerto Rico ("UBS") seek to confirm an arbitration award issued against Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA"). (Docket No. 1.) AEELA moves to dismiss for lack subject-matter jurisdiction, or alternatively, for a stay. (Docket No. 9.) Upon review of the parties' submissions and the applicable law, AEELA's motion to dismiss is **DENIED** and AEELA's request for a stay is **DENIED**.

## I. Relevant Factual and Procedural Background

For many years, AEELA and UBS were parties to an investment consulting and brokerage services agreement. (Docket No. 1, ¶ 13.) Their agreement provided that any disputes were to be resolved by final and binding arbitration before the Financial Industry Regulatory Authority's ("FINRA") arbitral regime. Id. at ¶ 16.

Following the collapse of the Puerto Rico bond market, AEELA commenced arbitration against UBS. On April 22, 2014, AEELA filed a Statement of Claim before FINRA alleging violations of the federal securities laws and Puerto Rico state law. (Docket No. 1, ¶ 8.) The FINRA claim centered on alleged misrepresentations by UBS and the related losses sustained by AEELA on Puerto Rico municipal bond investments. Id. Specifically, AEELA alleged violations of Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5 promulgated thereunder, the Investment Advisers Act of 1940, the Puerto Rico Uniform Securities Act, and other common law claims. Id. Following two years of proceedings and a ten-day evidentiary hearing, the FINRA panel's unanimous Final Award denied AEELA's claims in their entirety. Id. at ¶¶ 17–18.

UBS now seeks to confirm the FINRA panel's Final Award. (Docket No. 1.) After UBS filed this petition to confirm the arbitral award, AEELA filed a petition to vacate the award before the Puerto Rico Court of First Instance of San Juan. (Docket No. 9 at 1.) UBS removed AEELA's petition to federal court. See Asociación de Empleados del Estado Libre Asociado de P.R. v. UBS Fin. Servs., Inc., et al., No. 16–2237 (PAD).

## II. Standard of Review

 Rule 12(b)(1) of the Federal Rules of Civil Procedure provides the vehicle by

which a party may challenge the court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). As courts of limited jurisdiction, federal courts construe jurisdictional grants narrowly. BBVA Securities of P.R. v. Cintron, No. 10–1927 (JAG), 2012 WL 2002304, at *1 (D.P.R. June 4, 2012).

Rule 12(b)(1) motions are reviewed under a standard similar to other Rule 12(b) motions. Boada v. Autoridad de Carreteras y Transportación, 680 F.Supp.2d 382, 384 (D.P.R. 2010) (citing Negrón–Gaztambide v. Hernández–Torres, 35 F.3d 25, 27 (1st Cir. 1994)). The district court must credit the non-movant's well-pled factual allegations and draw all reasonable inferences in the non-movant's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). However, the court's inquiry is not necessarily limited to the parties' pleadings, and may include whatever evidence has been presented in the case. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). If it appears at any time that the Court lacks the statutory or constitutional power to adjudicate the case, the suit must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

## III. Discussion

This dispute begins with the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"). In 1925, Congress enacted the FAA to "overcome judicial resistance to arbitration" and establish a "national policy favoring arbitration" of disputes. Vaden v. Discover Bank, 556 U.S. 49, 58, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009) (citations and quotations omitted). The FAA's bedrock provision establishes the validity, irrevocability, and enforceability of arbitration agreements in commercial contracts. 9 U.S.C. § 2. The FAA provides for the enforcement of these agreements through petitions to compel arbitration. Id. at § 4. Sections 9, 10 and 11 of the FAA establish remedial mechanisms for courts to confirm, vacate, or modify arbitration awards.[1] Id. at §§ 9–11.

The FAA's various provisions create a body of substantive federal law that is equally binding on state and federal courts. Vaden, 556 U.S. at 59, 129 S.Ct. 1262 (citations omitted). However, the FAA is silent as to subject-matter jurisdiction: it "bestow[s] no federal jurisdiction but rather require[es] [for access to a federal forum] an independent jurisdictional basis" over the dispute between the parties. Vaden, 556 U.S. at 59, 129 S.Ct. 1262 (citations and quotations omitted). As a result, state courts play a significant role in enforcing the provisions of the FAA. Id. To open the federal court's door, a party must demonstrate an independent basis for jurisdiction over the arbitration-related dispute. Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 581, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). Here, UBS relies on federal question jurisdiction, under 28 U.S.C. § 1331, as an independent jurisdictional basis for this Court to hear the case. (Docket No. 1, ¶ 5.)

---

1. As relevant here, section 9 of the FAA provides:

 If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

 9 U.S.C. § 9.

■ As authorized by statute, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden, 556 U.S. at 60, 129 S.Ct. 1262 (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). By contrast, federal question jurisdiction may not be predicated on a defense or counterclaim. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830–31, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

■ However, there are exceptions to the general rule that courts look only to the complaint to determine if the action "arises under" federal law. One common exception follows from artful pleading—when a party pleads a state law claim implicating important federal issues, the claim nevertheless arises under federal law. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921)).

The crux of the dispute between UBS and AEELA is which complaint matters for determining subject-matter jurisdiction under section 1331. AEELA argues it is the petition to confirm the arbitration award that counts. (Docket No. 9, at 6–7.) If AEELA is correct, then there is no independent jurisdictional basis because the petition merely seeks to confirm an arbitration award under the FAA. UBS, on the other hand, urges the court to "look through" the petition to arbitral pleadings because it is the substance of the underlying controversy that matters for jurisdiction. (Docket No. 18, at 5–9.) If UBS is right, there is jurisdiction to confirm the award, under section 1331, since the underlying controversy arose under the federal securities laws.

In Vaden v. Discover Bank, the Supreme Court held that courts "look through" a section 4 petition to compel arbitration to determine whether the substance of the dispute arises under federal law. Vaden, 556 U.S. at 62, 129 S.Ct. 1262. Two factors drove the Court's rationale: the text of section 4 and the "curious practical consequences" that would result from a contrary rule. Id. at 62, 65, 129 S.Ct. 1262. However, the Court in Vaden did not discuss whether the look through approach applied to post-arbitration petitions, such as UBS's petition to confirm an arbitration award under section 9.

Before Vaden, the First Circuit applied the "look through" approach to post-arbitration petitions to find diversity jurisdiction under 28 U.S.C. § 1332. Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 328–29 (1st Cir. 2000). In Hutson, the amount in controversy requirement was satisfied by the damages asserted in the underlying arbitral pleadings. Id. at 329. Put another way, the First Circuit held that assessing jurisdiction requires looking at the substance of the underlying dispute, not simply the post-arbitration petition filed in federal court. Id. Following Hutson, Courts in this district have repeatedly applied the look through approach. See Ortiz–Espinosa v. BBVA Secs. of P.R., Inc., No. 12–cv–1608 (CCC), 2012 WL 12549572, at *2 (D.P.R. Oct. 30, 2012) (looking through a petition to vacate to the substance of the arbitration claims); First Fed. Fin. Corp. v. Carrion–Concepcion, No. 14–cv–1019 (SEC), ECF No. 43, at 2 (D.P.R. Aug. 6, 2014) (recognizing the look through approach for determining federal question jurisdiction post-Vaden); Gomez v. UBS Fin. Servs., Inc., No. 16–1040

(CCC), ECF No. 21, at 6–7 (D.P.R. Sept. 8, 2016) (denying remand of arbitral claims that arose under the federal securities laws).

 Vaden, this Circuit's precedent, and decisions of this district all push towards the same conclusion: First Circuit courts look through a post-arbitration petition to the substance of the underlying dispute to determine subject-matter jurisdiction. Thus, when a party arbitrates federal law claims, there is an independent basis for federal jurisdiction over post-arbitration FAA petitions. See Vaden 556 U.S. at 62–65, 129 S.Ct. 1262; Hutson, 229 F.3d 328–30.

AEELA raises two arguments against the look through approach. First, AEELA argues that Vaden is distinguishable because that case involved a pre-arbitration petition (under section 4) not a post-arbitration petition (like UBS's section 9 petition). (Docket No. 22, at 5–7.) Second, AEELA argues Hutson is not relevant because that case involved diversity jurisdiction, not federal question jurisdiction. Id. at 7–10. The first argument is not persuasive; the second is flatly wrong.

AEELA attempts to distinguish Hutson because "the Hutson court had jurisdiction over the matter due to diversity of citizenship." Id. at 10. That is precisely why Hutson applies. The issue in Hutson was whether the court had diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Hutson, 229 F.3d at 328–29. The parties were diverse and the amount in controversy requirement was satisfied—not by the petition to vacate—but by "the amount at stake in the entire arbitration." Id. at 329. Thus, the First Circuit looked through the post-arbitration petition brought under section 10 to the underlying substantive dispute in order to determine jurisdiction. Id. AEELA's attempt to distinguish Hutson based on the *type* of subject-matter jurisdiction asserted—i.e. federal question (under section 1331) or diversity of citizenship (under section 1332)—is untenable.

Second, AEELA argues that Vaden's holding is limited to section 4 petitions, and therefore the look though approach does not apply to post-arbitration petitions. (Docket No. 22, 5–7.) As stated above, the First Circuit has held otherwise. See Hutson, 229 F.3d at 328–29 (looking through a section 10 petition to assess diversity jurisdiction). Vaden's holding does not call Hutson into question. For that reason alone, the look through approach applies to post-arbitration petitions under Hutson.

Nevertheless, AEELA correctly notes that Vaden's limits were driven by section 4's text. (Docket No. 22, at 5–7.) Vaden relied on section 4's "save for [the arbitration] agreement" language to look through the petition to the underlying substantive controversy. Vaden, 556 U.S. at 62, 129 S.Ct. 1262. Without similar language in section 9, AEELA urges the court to simply look to the face of UBS's section 9 petition to determine jurisdiction. However, in addition to the text, Vaden also relied on the "curious practical consequences" that would result from the face of the petition approach. Id. at 65, 129 S.Ct. 1262. Post–Vaden, those "curious practical consequences" remain persuasive.

Three consequences of AEELA's argument are particularly noteworthy. First, AEELA's argument would require establishing two separate jurisdictional tests depending on the FAA remedy: the look through approach for pre-arbitration petitions and the face of the petition approach for post-arbitration petitions. This contradicts Vaden's recognition that the FAA "bestow[s] no federal jurisdiction" and that section 4 "does not enlarge" federal jurisdiction. Id. at 59, 66, 129 S.Ct. 1262. If the

look through approach applied *only* to section 4 petitions, that would essentially enlarge jurisdiction to include a pre-arbitration dispute under 28 U.S.C. § 1331, but exclude the same dispute post-arbitration. Second, AEELA's view violates the elementary canon that statutes are read as a whole. King v. St. Vincent's Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (citations omitted). The FAA's jurisdictional silence does not support the imposition of distinct jurisdictional tests based on the requested remedy. Finally, applying two jurisdictional tests to FAA petitions would generate inconsistent results, depending on a party's artful pleading, procedural maneuvering, and the result of arbitration. See generally Doscher v. Sea Port Grp. Sec., LLC, 832 F.3d 372, 386–88 (2d Cir. 2016) (discussing these inconsistent results, overruling prior circuit precedent, and adopting the look through approach for a section 10 petition). These inconsistencies would undermine the long-recognized national policy favoring arbitration agreements. Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

 Under Vaden, Hutson, and recent decisions of this district, the proper jurisdictional inquiry is to look through a post-arbitration petition to the substance of the underlying dispute. Applying the look through approach here, the substance of AEELA's arbitral claims arise under federal law. See 28 U.S.C. § 1331. AEELA's Statement of Claim alleged "violation of the federal securities laws" including causes of action under Section 10(b) of the Exchange Act, Rule 15b–5, and the Investment Advisers Act of 1940. (Docket No. 17–2 at 4.) Therefore, AEELA's arbitral complaint establishes federal question jurisdiction for this Court to hear UBS's section 9 petition. Accordingly, this Court has jurisdiction over the state law claims asserted in AEELA's arbitral complaint that "arise from the same nucleus of operative facts" as the federal claims. See 28 U.S.C. 1367(a); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 833 (1st Cir. 1997).

## IV. Conclusion

For the reasons stated above, AEELA's motion to dismiss for lack of subject matter jurisdiction at Docket No. 9 is **DENIED**. Additionally, AEELA's motion for stay is **DENIED**.

**SO ORDERED.**